HARVARD LAW SCHOOL LIBRARY

## BULEN *a.* BURDELL.

*Superior Court, First District; Special Term, August, 1860.*

PARTITION.—LIEN FOR ADVANCES TO DEFEND ESTATE.—AMENDMENT OF COMPLAINT.

One of several heirs who maintains proceedings for the protection of the estate, on the promise of the others to share the expense, does not acquire thereby a lien for disbursements so incurred against their interests in the estate, which can be recognized in his action for partition.

*It seems,* that after trial the court should not allow the complaint to be amended by inserting allegations of a further claim, the facts of which were known to the plaintiff before the commencement of the action.

Motion for leave to amend complaint.

The facts are stated in the opinion.

*John Rankin, Jr.,* and *Samuel J. Tilden,* for the motion.

*Winchester Britton* and *Charles Edwards,* opposed

BONNEY, J.—This action was commenced in January, 1858, for partition of two lots, with buildings, on Bond-street, in the

city of New York, formerly owned by Dr. Harvey Burdell, who died in January, 1857. The plaintiffs, in right of Mrs. Bulen (who was a half-sister of Dr. Burdell), claim to be owners, as tenants in common with others, of one-eighth of said premises, subject to a mortgage made by the deceased on one of the lots; which mortgage, since the commencement of this action, has been foreclosed and the mortgaged premises sold. The complaint states the rights of the respective parties in the premises, and the liens thereon, and prays for the usual judgment in partition cases.

In June, 1858, the usual order of reference was made in the action to take proof of the matters set forth in the complaint, and ascertain and report the rights and interests of the parties in the premises, and the referee (as it is stated) made a draft of his report on or before July 29, 1859, which was submitted to the plaintiffs' attorney, who has taken no further proceeding in the action.

The plaintiffs now move for an order to amend their complaint, by inserting therein statements to the effect that, in the proceedings before the surrogate of the county of New York in relation to the administration of the personal estate of the said deceased Harvey Burdell, Mrs. Cunningham claimed to be the widow of said deceased, and the plaintiff, George D. Bulen (who then, with the assent of the other heirs of said deceased, had charge of said real estate), acting in behalf of himself and his wife, and for the benefit of the other heirs and next of kin of said deceased, and to protect and save the real as well as personal estate which was of said deceased, for said heirs and next of kin, contested said claims of Mrs. Cunningham; that William Burdell agreed to bear equally with him the necessary advances for defeating said claims, but has failed to do so; that it was agreed between the plaintiffs that the expenses of that litigation, which was for the benefit of the separate estate of Mrs. Bulen, plaintiff, should be for the account of, and charged against said estate; that the expenses of that litigation, and the liabilities incurred therein, amounting to $4,120.97, besides interest, were necessary and reasonable, and were paid and incurred in good faith for the protection of the real estate which was of said deceased, as well as for the purposes of said proceedings before the surrogate, and were, as the plaintiffs believe,

necessary for the safety of said real estate, and to preserve the same to the heirs of said deceased; and thereupon plaintiffs insist that for the said amount of $4,120.97 and interest, they have a claim upon and against the said real estate, and the heirs of said deceased, precedent to any and all liens made by said heirs on said estate, and prior to the rights of any mortgagee, grantee, or creditor of any of said heirs.

The application to amend is opposed by several of the defendants; and after examination of the question, I am of opinion it must be denied. All the facts now proposed to be inserted by way of amendment in the complaint, were known to the plaintiffs when the action was commenced, and no reason is shown for their not being then set forth; and under such circumstances, the motion to amend after the suit has been pending nearly two years, is not entitled to favor.

But the fatal objection to the motion is, that the facts proposed to be stated, if the statement was inserted in the complaint and admitted, would not, in my opinion, entitle the plaintiffs, or either of them, to any relief in this action. Certainly these statements do not make out a lien in favor of the plaintiffs upon the premises in question, or any part thereof; nor can I see that they establish any claim, legal or equitable, against such premises, or the rights or interests of any or either of the parties to this action therein. If the defendants, or any or either of them, are personally liable to plaintiffs, or either of them, for any part of the expenses, &c., above mentioned, such personal liability cannot be in this suit enforced, nor can plaintiffs claim to have the same satisfied out of the proceeds of the property in question, until judgment therefor has been obtained.

The motion to amend must be denied, with $10 costs.