Elwell v. Burnside.

[ALBANY GENERAL TERM, May 1, 1865. *Hogeboom*, *Peckham* and *Ingalls*, Justices.]

————————•○•————————

ELWELL and others *vs.* BURNSIDE and others.

Where one of several tenants in common enters upon the land and cuts and removes timber, and converts the same to his own use, he is guilty of *waste*, and is liable to his co-tenants under the statute giving the action of waste by one tenant in common against another.

The plaintiffs and four defendants were tenants in common of unimproved timber lands, the principal value of which consisted in the timber upon them, and which were purchased by the parties on account of the timber, and for lumbering purposes; but the parties were not partners in the lumbering business. The defendants, without the consent of the plaintiffs, entered upon the lands, and cut and removed a large quantity of timber, and converted the same to their own use. *Held* that these acts constituted *waste*, and were such acts as were contemplated by the statute declaring that if one joint tenant or tenant in common shall commit waste of the

estate he shall be subject to an action of waste, at the suit of his co-tenant or tenants. (2 *R. S.* 334, § 3.)

The cases of *Martyn v. Knowllys,* (8 *T. R.* 145,) and *Baker* v. *Wheeler,* (8 *Wend.* 505,) commented upon, and distinguished from the present.

APPEAL from a judgment entered upon a dismissal of the complaint, upon the opening of the cause by counsel.

The plaintiffs and defendants were tenants in common of about 2200 acres of land in Great Valley, Cattaraugus county. The lands were purchased by the parties on account of the pine and other timber upon them, and for lumbering purposes; and their principal value consisted in the timber growing upon them. The lands were unimproved. The defendants, at different times, entered upon the lands and cut and removed large quantities of timber and converted the same to their own use; and the allegation of the complaint, and of the counsel, was that they committed great waste and damage to the land; and $10,000 damages were claimed. It was conceded, in the opening, that the timber cut and removed by the defendants was of suitable age and size to be cut and marketed. The court nonsuited the plaintiffs, and they excepted.

*A. Sheldon,* for the plaintiff, cited 2 *R. S.* 334; *Code,* § 450; 6 *Seld.* 114; *Martyn* v. *Knowllys,* 8 *T. R.* 145; *Baker* v. *Wheeler,* 8 *Wend.* 505; *Greenleaf's Cruise, vol.* 1, *pp.* 114, 116; 9 *Wend.* 76; 10 *N. Y. Rep.* 114; 3 *John.* 172; *Tyler·*v. *Taylor,* 8 *Barb.* 585; *Coke's 1st Inst.* 200; 6 *Rolle's Abr.* 118; *Hawley* v. *Clowes,* 2 *John. Ch.* 122; 6 *Gray,* 338; 7 *Pick.* 136.

*A. G. Rice,* for the defendants, cited 2 *R. S.* 334, 335; 1 *id.* 750; 8 *T. R.* 145; 8 *Wend.* 505.

*By the Court,* MARVIN, J. By the revised statutes, if a tenant in common commits waste, an action of waste may be maintained against him, by his co-tenant. (2 *R. S.* 334, § 3.) This provision was taken, originally, from the English statute, *West,* 2, *ch.* 22.

---

Elwell *v.* Burnside.

---

The question presented is, was the cutting and removing of the timber, in this case, waste?

Waste is defined by the common law to be a spoil or destruction in houses, gardens, trees, &c. by the tenant for life or years to the prejudice of the heir, or reversion or remainderman. (*Jacob's Law Dic. and Bouv. Law Dic. title Waste.*) By the common law, one tenant in common could not be guilty of committing waste; that is, the same acts which, committed by a tenant for life or years, would constitute waste, would not be waste when committed by a tenant in common. He was not liable to his co-tenant in an action of waste, for the injury done to their common estate. As he is, however, now liable by statute to respond to his co-tenant, in this form of action, for those acts which constituted waste when committed by a tenant for life or years, we must resort to the common law to ascertain whether the acts complained of in this case would be waste, had they been committed by a tenant for life or years. As a general rule, the law of England considers every thing to be waste which does a permanent injury to the inheritance. (*Jackson* v. *Browning,* 7 *John.* 232, citing *Co. Litt.* 53, 54.) Without any further reference to the English common law of waste, I have no doubt that the acts complained of in this case were waste, unless they come within an exception to the general rule; or rather, unless they are embraced in the rights belonging to the tenant for life or years. Such tenant has, as to wood and timber, some clearly defined rights. Unless restrained, by contract, he has the right to cut necessary fire wood, and timber sufficient and suitable for keeping the buildings in repair, and making agricultural erections, &c. (4 *Kent's Com.* 37. *Co. Litt.* 53 *b.* 1 *Greenl. Cruise,* 115. *Jac. Law Dic. Waste.*) Trees are parcel of the inheritance; and if they are overthrown by the lessee, or any other, or by a tempest, the lessor, in respect to his general ownership, has the right to them. *Martyn* v. *Knowllys,* (8 *T. R.* 145,) is cited by the counsel for both parties; and it is understood

that that case and *Baker* v. *Wheeler*, (8 *Wend.* 505,) controlled the decision at the circuit. Let us examine them. In the English case the parties were tenants in common. The plaintiff had, however, demised his interest to the defendant. This fact was not regarded as material. The action was case, in the nature of waste. The case states that the defendant "had felled many trees, all of which were of a proper age for being cut." The objection to a recovery, made by counsel, was that one tenant in common can not bring such an action against another, unless for some injury done to the inheritance, which was not pretended, as all the trees were proper for being cut. That if the defendant could not cut trees in this state, one obstinate tenant in common might prevent the others from taking the produce of the land. Lord Kenyon said : "This is an action *ex delicto.* If one tenant in common misuse that which he has in common with another, he is answerable to the other in an action as for misfeasance. But here it does not appear that the defendant committed any thing like waste ; no injury was done to the inheritance ; no timber was improperly felled ; the defendant only cut those trees that were fit to be cut. And if he were liable in such an action as this, it would have the effect of enabling one tenant in common to prevent the other taking the fair profits of their estate." He adds : "In another form of action the plaintiff will be entitled to recover a moiety of the value of the trees that were cut." Is this case in point ? Upon what grounds and reasons was the decision made ? The argument of counsel was that no injury was done to the inheritance, and the court so decided, the reason being that the trees were proper and fit to be cut, and if one tenant in common could not cut them, then he would be deprived of "the fair profits of their estate." Here we have a case where the cutting of the trees was no injury to the inheritance, the trees being proper and fit to be cut ; and unless cut, "the fair profits of the estate" could not be taken.

It does not appear what kind of trees were felled, only

that they were of proper age to be cut. It does not appear that they were *timber* trees; nor does it appear what was done with them; though I assume that the defendant disposed of them, as the judge says that he will be liable to the plaintiff for a moiety of their value, in another form of action. It does appear, however, and it was so decided, that no injury was done to the inheritance, and this is made the test of waste, and that nothing like waste was committed. *Waterman* v. *Soper*, (1 *Lord Raym. R.* 737,) was cited by the counsel for the defendant in *Martyn* v. *Knowllys*. In that case Holt, Ch. J. held that when one of two tenants in common of a tree cuts the whole tree, his co-tenant can not have an action for the tree, yet he may have an action for the special damage by this cutting, as where one tenant in common destroys the whole flight of pigeons; and *Co. Litt.* 200 *a*, is cited. The case has little, if any, application, as the parties were not tenants in common of the land on which the tree grew, as it grew partly upon the land of one, and partly upon the land of the other. *Baker* v. *Wheeler and Martin*, (8 *Wend.* 505,) was cited by the defendants' counsel, and it is supposed to authorize the ruling in this case. The defendants were tenants in common of certain timber lands, and they were partners in the business of lumbering from the lands. One of the defendants gave the plaintiff a license to cut some of the timber into logs, and to remove them, in satisfaction of a fair demand against both the tenants in common. The plaintiff cut the logs, and the defendants, by their agent, took and converted them, and it was held that the plaintiff showed a sufficient title to them. Savage, Ch. J. held that tenants in common in timber lands, who are also partners in the lumber business, are partners of the timber, when converted into logs. He cited *Martyn* v. *Knowllys*, *supra*, and quoted the last part of Lord Kenyon's opinion; and he adds: "This case decided that one tenant in common may cut trees proper to be cut, on the land held in tenancy in common; and the remedy of the co-tenant is in an action against the co-tenant

cutting the timber, for his share of the value. If one tenant in common may cut, himself, he may give license to another." He then states another ground for the decision made in favor of the plaintiff.

Ch. J. Savage does not notice the previous remarks of Lord Kenyon, that no injury had been committed to the inheritance, and that no waste had been committed. He seems to regard the case as authority for one tenant in common to cut and remove trees, provided they are fit to be cut, and that the remedy of the other co-tenant is an action to recover a moiety of the value of the trees. I do not understand that the fitness of the trees for cutting is the only test. But waiving this, if it should be shown that the tenant in common whose rights have been injured has no such remedy as these learned judges supposed, I apprehend that the position taken against maintaining the action in the nature of waste will be abandoned.

I suppose Lord Kenyon had reference to the statute of Ann, giving an action by one tenant in common against the other for receiving more than his share, and Ch. J. Savage to our statute taken from the statute of Ann; which is, one joint tenant or tenant in common, &c. may maintain an action of account, or for money had and received, against his co-tenant, for receiving more than his just proportion. (1 *R. S.* 750, § 9.) At common law, if one tenant in common occupied, and took the whole profits, the other had no remedy against him for his share, while the tenancy in common continued. It was supposed that the statute of Ann had changed the law, in this respect; and it was so held by the court of queen's bench, as late as 1850, in *Henderson* v. *Eason.* But upon a review in the exchequer chamber, the judgment was reversed. (9 *Eng. Law and Eq.* 337.) The statute underwent a careful examination; and it was decided that in such a case no action would lie. The statute gives the action only when one of the co-tenants receives more than comes to his just share, and he is made bailiff by

reason of his so receiving more than his just proportion. The case just cited is full and clear, and the argument of Parke, B. is unanswerable. The statute of Ann gives the action against the co-tenant "as bailiff," for receiving, &c. In our statute the term "as bailiff" is not used, but the language is, "may maintain an action of account, or for money had and received," &c. The meaning of our statute is the same as that of the statute of Ann, and should receive the same construction. A bailiff of husbandry is a person appointed by private persons to collect their rents, and manage their estate. (*Bouvier's Law Dic.*) He has no permanent estate, and may be removed at pleasure. (*Bac. Abr. Bailiff.*) Hence, when an action was given by the statute of Ann against a co-tenant "as bailiff," for receiving more than comes to his just share and proportion, the nature and form of the action are ascertained, and our statute, instead of giving the action against the co-tenant "as bailiff," specifies the action "of account, or for money had and received, for receiving more than his just proportion."

The question we are considering has recently undergone a careful examination in *Woolever* v. *Knapp*, (18 *Barb.* 265.) The English cases and statute, and our statute, are examined, and the same decision is made as in *Henderson* v. *Eason*, *supra*. In this latter case, Parke, B. says that one tenant in common may appoint his co-tenant his bailiff, and if the appointment is *accepted*, an action of account will lie against him, as against a bailiff of the owner of the entirety of an estate. That this was so at common law. This shows that the statute was necessary to render him liable, as bailiff, when he received more than his just share, in the absence of an appointment to and acceptance of the position of bailiff. If the cases just referred to, decided in the exchequer chamber and in this state, are sound, as I have no doubt they are, then Lord Kenyon was mistaken in supposing that the plaintiff, in another form of action, would be entitled to recover a moiety of the value of the trees that were cut, provided the

defendant occupied the land and felled the trees himself; and so I understand the case. If, on the other hand, the trees were *properly cut, as fair profits of the estate;* by another, and the defendant had received for them more than came to his just share and proportion, then the case would come within the statute of Ann.

It can hardly be necessary to add that Savage, Ch. J. in *Baker* v. *Wheeler, supra,* was led into the like error, though it was not necessary to the decision of that case that any notice should have been taken of the law peculiarly applicable to tenants in common. The defendants were *partners* in the lumber business, and besides there was an agreement by the defendants with the plaintiff which gave the plaintiff the right, as the court held, to cut the logs.

Let us return to the case under consideration. The plaintiffs and four defendants were tenants in common of the lands. They were not partners in the lumber business. The principal value of the lands consisted in the timber upon them, and they were purchased by the partners on account of the timber, and for lumbering purposes. The defendants, without the consent of the plaintiffs, entered upon the lands and cut and removed a large quantity of timber, and converted the same to their own use. These acts, in my opinion, in view of all the cases, constituted waste, and I think that they are such acts as were contemplated by the statute, and the parties are tenants in common. If the statute, giving the action of waste by one tenant in common against another, is not to be applied to this case, it will be difficult to conceive a case of cutting timber to which it can be applied. Most of the timber and trees in our forests are "fit to be cut." One of the great tests, as to waste, in cutting trees and timber, as already remarked, is whether the inheritance will be permanently injured. In the case so much relied on, Lord Kenyon was careful to say: "No injury was done to the inheritance." The removal of the timber from our lumber lands will generally destroy nine tenths of the value of

Elwell *v.* Burnside.

the inheritance. In this case it was stated that the principal value of the lands consisted in the timber growing upon them. I am aware that the law touching waste has been considerably modified in this country, owing to the circumstances here differing from those in England; the latter being an old country, mostly cleared of its forests, while this was, and still is in portions of it, in an uncleared and wilderness state. Hence, here the lessee of wild uncleared farming lands may make a reasonable amount of improvement without being liable for waste. It will be presumed that the parties so contemplated. (*See Jackson* v. *Brownson,* 7 *John.* 227.) In the case under consideration, the timber was not cut and removed for the purpose of fitting the land for cultivation.

There can be no hardship in applying the statute to this, and similar cases. If some of the tenants in common wish to avail themselves of their property, by removing the timber, and others do not, a partition can be had, at the instance of any of them. And I may add that unless the acts of the defendants, in this case, are held to be waste, and the statute is applied to them, I am not able to see that the tenants in common who are injured have any remedy.

The judgment must be reversed, and there must be a new trial; costs to abide the event.

[ERIE GENERAL TERM, September 4, 1865. *Grover, Daniels* and *Marvin,* Justices.]