EDWARD McCABE, RESPONDENT, *v.* CHARLES McCABE AND JOHN S. McCABE, APPELLANTS.

18  153
85  230
18  153
21ap131
18h  153
164a  4
18h  153
170 NY ¹129

*Partition — right of a defendant to an allowance for rents received, and stone quarried, by the plaintiff, his co-tenant.*

In an action for the partition of lands, on which there is a stone quarry, a tenant in common, who is made a defendant, may set up in his answer that the plaintiff has been in the sole possession of the premises, has collected the rents thereof, and quarried and sold stone therefrom, and may require an account to be rendered of the moneys so received by the plaintiff, and have an allowance made to himself therefor. (BOCKES, J., dissenting.)

APPEAL from an interlocutory judgment sustaining a demurrer interposed to the answer herein.

The action was brought to secure the partition of certain real estate, of which the plaintiff owned an undivided nine-elevenths, and the defendants, John S. and Charles McCabe, each an undivided one-eleventh. These two defendants put in an answer, alleging "that since the 1st day of June, 1859, the plaintiff and these defendants have been seized as tenants in common of the lands and premises described in the complaint, these defendants each owning one undivided eleventh part thereof; that these defendants were then minors under the age of twenty-one years; that since the said 1st day of June, 1859, the plaintiff has had the sole possession, and rents and profits of said real estate, which, upon information and belief, were reasonably worth the sum of, at least, $250 per annum, exclusive of the stone quarried, as hereinafter stated;

that on said 1st day of June, 1859, there was, and ever since has been, upon said lands and premises, a. valuable stone quarry, from which stone could be quarried and sold at great profit and gain. Upon information and belief, that since said 1st day of June, 1859, down to the commencement of this suit, the plaintiff quarried from said stone quarry. annually, large quantities of stone, thereby greatly depreciating the value of said real estate, which stone he sold to various persons, from whom and for which he received large sums of money ; and also annually sold to divers persons, from said stone quarries, large quantities of stone, which said persons quarried therefrom, and for which they paid said plaintiff large sums of money, amounting in all, upon information and belief, to at least $1,000 per year," and prayed that an accounting might be had of the moneys so received by him, and an allowance made to them therefor.

*Andrew Vanderzee* and *Nathaniel C. Moak*, for the appellants.

*Augustus Sherman*, for the respondent.

LEARNED, P. J. :

If the matters alleged in this answer would, if proved on the trial, affect the rights of the respective parties in the partition of the land, or the division of the avails, then it was proper to plead them. Where a defendant does not admit that the rights of the parties are such as, in the complaint, they are alleged to be, he should set them up in his answer, as he claims that they are.

The question, then, is whether the matters alleged, if true, can affect the partition or the division.

It was held in *Woolever* v. *Knapp* (18 Barb., 265) that one of several tenants in common, who possesses the entire premises, without any agreement with the others as to rent, and without any demand from them, is not liable to them for use and occupation. But, however this may be, it is held in *Scott* v. *Guernsey* (48 N. Y., 108) that a tenant in common, who has received rents, must account therefor to his co-tenant. The language of the opinion is even stronger. It says : "He (a co-tenant) continued to *occupy*, knowing all the facts, and must

pay the full value of his *occupation.*" Probably, however, this language is to be construed with reference to the facts; which show the co-tenant to have been in the actual receipt of rents. And such rents, it was in that case held, might be adjusted in an action for partition.

The present plaintiff cites as an authority, that rents are not recoverable in an action of partition, the case of *Burhans* v. *Burhans* (2 Barb. Ch., 398). The rents in that case were of land held adversely. He also cites the case of *Bulen* v. *Bordell* (11 Abb. Pr., 381). The disbursements allowed there arose out of a contest over administration, and had nothing to do with the land. So, also, the cases of *Dresser* v. *Dresser* (40 Barb., 300), and of *Wilcox* v. *Wilcox* (48 id., 327), are cases where the co-tenant himself occupied, and did not receive any rents. The case of *Roseboom* v. *Roseboom* (15 Hun, 309) points out the distinction between the co-tenant who has *received*, and him who has only *taken* the rents and profits; that is, between one who has collected rents from others, and one who has himself been in *actual* occupation.

The answer alleges the possession by the plaintiff of the rents and profits. Although this is not very definite, it is enough to admit proof, on the trial, of the actual receipt of rents, as distinguished from the mere occupation of the land by the plaintiff. And the receipt of such rents might be brought into an accounting and adjusted in this action.

A more important question arises in regard to the allegation that the plaintiff has taken from the quarry on the premises large quantities of stone, and has sold the same and received large sums therefor. These acts of the plaintiff are very different from mere occupancy. They are a consumption or destruction of the very property which is owned in common. It may be necessary to adhere to the rule that for mere occupancy the co-tenant shall not be liable to account. But there is no reason to extend that rule to a case where the co-tenant actually consumes or takes off and disposes of a part of the property held in common.

In *Elwell* v. *Burnside* (44 Barb., 447), a co-tenant was held liable to account for cutting off and selling the timber on unimproved timber lands. That was put upon the ground of waste.

Perhaps that decision would as well rest on the doctrine which has been applied to mines and the like.

Thus, in *Job* v. *Potton* (L. R., 20, Eq., 84) the right is recognized of a co-tenant to recover for his share of coal mined under authority of his co-tenant ; and it is indicated at page 98 that in an action for partition the co-tenant could claim to have the court take into consideration the fact that his co-tenants had carried away part of the inheritance. (See *Coleman* v. *Coleman*, 1 Parson's Penn. R., 470; *Curtis* v. *Coleman*, 22 Grant [Upp. Can.] Chy., 562.)

I see no reason why the doctrine laid down, as to mines of ore, should not apply to a quarry of stone. The quarrying and removing of stone is a very different act from the occupation of the land or from its cultivation. The quarrying actually diminishes and takes away the common property. And I think the co-tenant is liable to account. Nor should the court partition the property among the co-tenants, without securing to each his just share of the whole.

I think the answer set up a good defence, and that the demurrer thereto should be overruled.

The interlocutory judgment must be reversed, with costs, and the defendant must have judgment on the demurrer, with leave to the plaintiff to withdraw his demurrer, and to reply if he deem it necessary.

BOCKES, J., dissented.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed, with costs, and judgment for defendants on demurrer, with costs, with leave to plaintiff to withdraw demurrer, and to reply, if necessary, on payment of costs in twenty days after notice.