Woolever *v.* Knapp.

## WOOLEVER and others *vs.* KNAPP.

One of several tenants in common, who possesses the entire premises, without any agreement with the others as to his possession, or any demand on their part to be allowed to enjoy the premises with him, is not liable to account to them, in an action brought by his co-tenants, for the use and occupation of the premises.

APPEAL by the defendants from a judgment entered upon the report of referees.

*S. B. Cushing,* for the plaintiffs.

*M. Wright,* for the defendant.

*By the Court,* MASON, J. This is an action of account, or for money had and received, brought by the plaintiffs against the defendant, who are all tenants in common of a farm of 100 acres, situated in the town of Dryden, in the county of Tompkins. The cause was tried before referees, who found the following facts, to wit: That Samuel Knapp, the ancestor of the parties, died intes-

tate, leaving the farm in question to his heirs at law, the parties to this suit. That the defendant, Samuel Knapp, had enjoyed the sole possession of said farm for five years, to wit, from the fall of 1847 to the fall of 1852. That the rent and occupation of said farm was reasonably worth the sum of $200, per annum. That the defendant as one of the heirs at law of the said Samuel Knapp, deceased, was entitled to the one-seventh part of the rents and profits of said farm, and the plaintiffs, as such heirs, to six-sevenths thereof. The referees have found as a conclusion of law, from these facts, that the plaintiffs are entitled to recover of the defendant for six-sevenths of the annual value of the rent of said premises, after deducting $34.31 paid by the defendant for taxes on said premises, making the sum of $822.84. The simple question, therefore, presented for our adjudication is, whether one tenant in common who possesses the entire premises without any agreement with the others as to his possession, or any demand on their part to be allowed to enjoy the premises with him, is liable to account in this action for the use and occupancy of the premises. The rule is well settled at common law, that one tenant in common of real estate, who occupies the whole estate, as in this case, is not liable to an action of account, for the mere sole use and occupation. (1 *Co. Lit.* 200, *b.* 5 *Bacon's Abr. p.* 304, *tit. Joint Tenants, L. Sargent* v. *Parsons,* 12 *Mass. Rep.* 149.) By the statute of Anne the action was given "by one joint tenant, and tenant in common, his executors or administrators, against the other as bailiff, for receiving more than comes to his share and proportion, and against the executors and administrator of such joint tenant, or tenant in common." It was held, however, in the case of *Henderson* v. *Eason,* (9 *Eng. Law and Eq. Rep.* 337,) which was decided in the exchequer chamber, overruling the queen's bench in the same case, (64 *Eng. Com. Law Rep.* 986,) that, under the statute of Anne, if one of two tenants in common solely occupies the land—farms it at his own cost, and takes the produce for his own benefit—his co-tenant cannot maintain an action of account against the former ; that the statute applies to cases when rent, or payment in money, or in kind, due in respect of the

premises, is received from a third party by one co-tenant who retains for his own use the whole, or more than his proportional share. Our statute was taken from, and is substantially the same as the statute of Anne. It is as follows : " One joint tenant, or tenant in common and his executors or administrators, may maintain an action of account, or for money had and received, against his co-tenant, for receiving more than his full proportion, and the like action may be maintained by them against the executors or administrators of such co-tenants." (1 *R. S.* 750, § 9.) The language used in our statute, like that of the statute of Anne, is, that the action may be maintained against the co-tenant, for receiving more than his just proportion. The action is given for this, and this only. The case of *Henderson* v. *Eason*, (*supra*,) is a direct authority against this action, upon the facts found by the referees ; and as the court gave the most elaborate consideration to the statute in that case, it is unnecessary for us to discuss it. I will content myself with referring to the reasons assigned by the court in that case, for the construction which we have given to the statute. The same question came before Lord Chancellor Cottenham in 1846, in the case of *McMahon and wife* v. *Burchell*, (2 *Phil. Rep.* 127 ; 22 *Eng. Ch. Rep.* 125,) in which he gave the same construction to the statute. He says : " The effect of allowing an action, in such a case, would be that one tenant in common, by keeping out of the actual occupation of the premises, might convert the other into his bailiff ; in other words, prevent the other from occupying them, except upon the terms of paying him rent." He adds : " There is nothing in the acts of parliament to lead to that conclusion, which is contrary to the law, as clearly established from the time of Lord Coke downwards." This view of the law is not so unreasonable as was insisted by the counsel for the plaintiff, upon the argument. It is in the power of each tenant at any time to occupy, and his not doing so, would seem to imply an assent that the other should occupy the whole ; and as was said by the court, in *Sargent* v. *Parsons*, if one tenant in common finding the estate unoccupied by his companion, either from negligence, or because he may not deem it for his interest to

Woolever *v.* Knapp.

occupy it, should take the whole into his possession, it would be hard to make him liable for rent, when perhaps he occupied the whole for little other reason than that it would otherwise be unoccupied; and besides, as each tenant is seised *per mi et per tout*, an entire occupancy by one, of any particular part, would subject him to an action, as much as would the entire occupation of the whole tenement, which would be absurd and unreasonable. It was claimed upon the argument, by the plaintiffs' counsel, that this precise point was not raised upon the trial, and that, for this reason, it cannot be raised here. The defendant, on his motion for a nonsuit, claimed that no cause of action was shown or established against him, nor any liability on the part of the defendant shown or established, to account to the plaintiffs for the rents and profits of this farm, or any portion thereof. This is quite sufficient to raise the question of the defendant's liability upon the facts of the case. The plaintiffs' counsel also claimed that there are some allegations in the complaint, which are not denied by the answer, that the defendant has received some rent of these premises from others. The question is of no importance here, for the cause was not tried upon any such state of facts, and the referees have not placed their judgment upon any such state of facts; on the contrary, they have expressly found that the defendant had enjoyed the possession of the farm for the whole five years, and they charge him the full rent of $210 for the whole, giving the plaintiffs six-sevenths of the rent. The judgment must be reversed, and a new trial granted; costs to abide the event.

[DELAWARE GENERAL TERM, July 11, 1854. *Crippen, Shankland* and *Mason*, Justices.]