### DRESSER vs. DRESSER.

Where one tenant in common of real estate takes from his co-tenant a lease of the premises held in common, for a term of years, and after the expiration of the term continues in possession, without any new express agreement between the parties, or any claim by him to be exclusively entitled to the possession, or any act done to prevent a joint occupation by his co-tenant, the latter cannot recover of him for the use and occupation of the premises, after the expiration of the term.

The statute allowing an action of account, or for money had and received, to be maintained by one joint tenant or tenant in common, against his co-tenant, for receiving more than his full proportion, applies to cases where rent, or payment in money, or in kind, is received from a third party by one co-tenant, who retains for his own use the whole, or more than his proportional share; and not to a case where one tenant in common solely occupies the land, and farms it at his own cost and takes the produce for his own benefit.

A tenant in common of real estate who takes a lease of his co-tenant's moiety, for a term, subject to a specified rent, and continues in possession of the premises after the expiration of his term, will not be considered as *holding over* under the lease, and thus liable to an action for use and occupation; the presumption of law being that he is in possession under his own title. And such presumption will prevail, unless there be evidence that he holds as tenant to his co-tenant.

THIS action was brought to recover for board, washing and mending, furnished by the plaintiff to the defendant. The defendant in his answer denied each and every allegation of the complaint. And for another defense, the defendant answered that the several demands mentioned in the plaintiff's complaint did not accrue to the plaintiff within six years. And for another defense, and as a counter-claim, the defendant alleged that the plaintiff, at the commencement of this action was, and still is indebted to him, in the sum of $1000, for the use and occupation of divers messuages, lands and tenements of him, the said defendant, situate in Sempronius, Cayuga county, and which occupation was from and after the first day of April, 1855, to and including the day of the commencement of this action. And for another answer, and as a counter-claim, the defendant answered that he was and is the owner of an equal undivided half part of certain real estate,

Dresser *v.* Dresser.

situate in Sempronius, including a saw-mill, and various other tenements situated thereon. That the plaintiff, under an agreement with the defendant to pay for the use thereof, what the same should reasonably be worth, had occupied, used and enjoyed the same since April, 1855, to the time of the commencement of this action. That the yearly value of such use and occupation was $200. That the plaintiff had not paid for the same, nor any part thereof, but was still indebted to the defendant in the full amount thereof, with the interest on each year's use thereof, and the defendant claims judgment for the value of such use and occupation, to the amount of $1500. And for another answer, the defendant alleged that on the 1st day of January, 1859, a suit in the supreme court was depending between him as plaintiff, and the plaintiff herein as defendant, for the partition of certain real estate, then owned in common between such parties. That said suit was on that day compromised and settled by a partition and division of the premises; and that in consideration of such compromise and settlement, said John W. Dresser promised and agreed with this defendant, to pay to him the amount of the costs and expenses incurred by him in and about the prosecution of the said action, and to pay the plaintiff's costs in said action. That such costs amounted to the sum of $50. That the plaintiff has not paid the same, nor any part thereof, but is now justly indebted to the defendant in the full amount thereof. And for another counterclaim, the defendant answered that the plaintiff and defendant are, and for many years past have been, tenants in common of a farm of about 160 acres, situate in Sempronius, N. Y. each owning an equal undivided one-half part thereof. That in the spring of the year 1855, the plaintiff rented of the defendant his, said defendant's, interest in said farm for $250 per year, and the further consideration that the defendant should have his board, washing and mending and home at the family of said plaintiff, free of charge. That in pursuance of said agreement the plaintiff had used and occupied said

premises from that period until the commencement of this action, and was, on account thereof, justly indebted to the defendant in the sum of $1500, with the interest on each year's use thereof; and he demanded judgment in this action for the value thereof.

The action was tried before a referee. It appeared on the trial that on the 1st day of March, 1852, the parties were joint owners of two several pieces of land, situate in Sempronius, Cayuga county, the one containing 115 acres, and the other 49 acres, and on that day the defendant leased his interest in said lands to the plaintiff for three years, then next, for the price and consideration of $400 for the whole term. Said lease was in writing, under the hands and seals of the parties. The plaintiff occupied said premises during the continuance of said lease, and has since so occupied them, as hereinafter mentioned, but after the three years expired, there was no other contract about the plaintiff's occupying the land. On the 22d day of July, 1852, and while said lease was in force and unexpired, the parties sold about 75 rods of said land to one H. H. Riffenburg, for $285, which was paid before the termination of the lease. Of this sum, the defendant received his share, except as to the interest on all over $100, which the plaintiff retained, because he was still paying rent for the land so sold. In May, 1855, the defendant commenced a suit in this court against the plaintiff for partition of the 115 acre piece, and to recover for the rent, use and occupation of said premises, which is the same claim set up in this action. In February, 1857, that suit was settled and discontinued—partition made by consent—quitclaim deeds were given by the parties, each to the other, and the claim, if any existed, for the use and occupation by the plaintiff, was settled or abandoned. December 31st, 1859, the defendant again sued the plaintiff in this court, claiming a partition of the 49 acre piece, but making no demand for use and occupation. That suit was referred to a referee; tried before him, and he, on the third day of June, 1861, duly made his report therein,

wherein he decided that said John W. Dresser was the owner of more than two-thirds of said land, and said Joseph Dresser of the remainder thereof. The plaintiff occupied said 115 acre piece from the time of the expiration of the lease, until it was partitioned by consent, as above stated, and the 49 acre piece for six years previous to the commencement of this action, viz: March 20, 1861, as part owner thereof, and not as tenant of said defendant. While he so occupied them, the plaintiff made expensive, necessary and permanent repairs, additions and improvements thereon, of the value of at least $600, and also paid the taxes assessed thereon. The referee allowed the amount of the plaintiff's claim, $173.67. And he allowed the claim of the defendant for the use and occupation of the premises, and reported a balance due to the defendant of $697.41, for which sum, with costs, judgment was entered, against the plaintiff, and he appealed to the general term.

*L. O. Aikin,* for the appellant.

*N. T. Stephens,* for the defendant.

*By the Court,* JAMES C. SMITH, J. The referee erred in allowing the defendant's claim against the plaintiff for the use and occupation of the real estate owned by them in common. At common law, one tenant in common of real estate, who occupies the whole estate, is not liable to an action of account, for the mere sole use and occupation. (*Woolever* v. *Knapp,* 18 *Barb.* 265, *and authorities there cited by Mason, J.*) By our statute, an action of account, or for money had and received may be maintained by one joint tenant or tenant in common against his co-tenant, for receiving more than his full proportion. (1 *R. S.,* 750, § 9.) It has been held under similar statutes, in England and in Massachusetts, that if one of two tenants in common solely occupies the land—farms it at his own cost and takes the produce for his own benefit—

his co-tenant. cannot maintain an action of account against the former; that the statute applies to cases when rent, or payment in money, or in kind, due in respect of the premises, is received from a third party by one co-tenant who retains for his own use the whole, or more than his proportional share. (*Henderson v. Eason,* 9 *Eng. Law and Eq. Rep.* 337. *Sargent* v. *Parsons,* 12 *Mass. Rep.* 149.) The same construction was given to our statute, by this court, at general term, in the sixth judicial district, in the case of *Woolever* v. *Knapp,* above cited. It was there held, after a careful consideration of the question, upon principle as well as authority, that one of several tenants in common, who possesses the entire premises, without any agreement with the others as to his possession, or any demand on their part to be allowed to enjoy the premises with him, is not liable to account to them, in an action brought by his co-tenants, for the use and occupation of the premises.

Applying this rule to the case in hand, it is manifest that the claim in question was improperly allowed. The real estate held by the parties in common, consisted of two parcels of land, one containing 115 acres and the other 49. The defendant recovered for the use of the 115 acres, from the 1st day of March, 1855, till the spring of 1857, when the parties divided that parcel, each taking one half. He recovered also for the use of the 49 acres from the 1st of March, 1855, till the commencement of this suit, in March, 1861. The sums allowed for these items, amount, with interest, to $769.31. It appears that on the 1st of March, 1852, the defendant, by a lease in writing, let the use of his moiety of both parcels of land to the plaintiff, for the term of three years, from that date, at the rent of $400. The plaintiff occupied and paid the rent, and after the expiration of the term, continued in possession, during the periods for which he is charged by the referee, without any new express agreement between the parties, or any claim by the defendant to be exclusively entitled to the possession, so far as appears in the

Dresser *v.* Dresser.

case. The referee finds that there was no express agreement that the defendant was to receive rent for the use of the premises, but concludes that there was an implied agreement to that effect. He does not specify the facts from which this conclusion is drawn. If he based it upon the idea that the plaintiff's continuance in possession, after the expiration of his term, was a holding over *as tenant*, he clearly erred. In the case of *McKay.* v. *Mumford*, (10 *Wend.* 351,) it was held that a tenant in common of real estate, who takes a lease of the moiety of his co-tenant for a term, subject to a specified rent, and continues in possession of the premises after the expiration of his term, will not be considered as *holding over* under the lease, and thus liable to an action of assumpsit for use and occupation ; the presumption of law being that he is in possession under *his own title*, and such presumption will prevail, unless there be evidence that he holds as *tenant* to his co-tenant. The correctness of this rule cannot be questioned ; it results from the undeniable principle that each tenant is entitled to the possession of the estate. The defendant himself testified on the trial, that after the lease expired, in 1855, "there was no other contract about plaintiff's occupying the land." And for aught that appears, the defendant might at all times have occupied the premises, jointly with the plaintiff, if he had chosen to do so.

Some of the exceptions taken present objections to other items allowed by the referee, which I am inclined to think are well founded, but it is unnecessary to consider them, as the items to which they relate are comparatively unimportant in amount, and it is clear there must be a new trial for the reasons already stated.

New trial ordered.

[MONROE GENERAL TERM, June 1, 1863. *E. Darwin Smith, Johnson* and *J. C. Smith* Justices.]