ABRAM M. DE WITT, APPELLANT, *v.* THE ELMIRA NOBLES MANUFACTURING COMPANY, RESPONDENT.

*Patent — tenants in common of — right of each to use patent.*

Joint owners of a patent are tenants in common, and each, as an incident of his ownership, has the right to use the patent or to manufacture under it, and he cannot be compelled to account to his co-tenant for his proportion of the profits arising from such use.

*Pitts* v. *Hall* (3 Blatch., 201) distinguished.

APPEAL from an order made at the Special Term sustaining a demurrer to the complaint.

The complaint alleged that in 1871 letters patent were issued to Watrous and Kellogg for an invention relating to the construction of augurs; that subsequently the interest of Kellogg therein was assigned to the plaintiff; that defendant had used the rights granted by the letters patent at its manufactory in Elmira. It then alleged that said Watrous, one of the co-patentees, had an arrangement and agreement with the defendant, whereby the defendant was, "so far as he, said Watrous, was and is concerned," to have the right to use the said patented improvement, and that the said use thereof by the defendant was under such agreement, but that the same had reference solely to the rights and interests of the said Watrous. That defendant had notice of the assignment of the said one-half from Kellogg to the plaintiff.

*E. P. Hart*, for the appellant.

*S. Dexter*, for the respondent.

BOARDMAN, J.:

The defendant is an owner, by assignment, of an undivided half of a patent, of use and value in the manufacture of augurs, and for some time past has been using such patent in making augurs. The plaintiff is also the owner, by assignment, of the other undivided half of said patent, and brings this action against the defendant to

obtain an accounting for the use of said patent and improvement, and payment to plaintiff of the one-half of the value of the use of such patent or. improvement during the time the defendant has used it.

The demurrer insists that the court has no jurisdiction of the. subject of the action, and also that the complaint does not state facts sufficient to constitute a cause of action against the defendant. The demurrer was sustained upon the latter ground.

These parties are. not partners in the ownership of this patent. Beyond doubt they are tenants in common, each owning the one undivided half. Each, as an incident of his ownership, has the right of use of the patent, or to manufacture under it. But neither can be compelled by his co-owner to join in such use or work, or be made liable without his consent for the losses which such co-owner may incur in using or working the patent. (*Clum* v. *Brewer*, 2 Curt.·C. C., 506–524; Curt. on Patents, § 136, etc.) The ordinary rights appertaining to property held in common must apply in this case. There has been · no conversion of the property by a sale of plaintiff's share to the defendant. If there had been, it would have given plaintiff a right of action against the vendor for the value of his interest wrongfully sold; or he could follow the property, claiming his interest and right of possession. There has been no destruction of plaintiff's property or interest under the patent. The nature of the property is such, that either owner may use it, and neither can exclude the other from the use. The rights, being abstract and intangible, cannot be destroyed by use or sale; nor can plaintiff lose his right except by his own act and consent.

In the case of real estate, one tenant in common cannot be called to account for the use, profits, or rent of the property enjoyed only by him, if he has not excluded his co-tenant therefrom. ( *Woolever* v. *Knapp*, 18 Barb., 265; *Dresser* v. *Dresser*, 40 id., 300; *Wilcox* ·v. *Wilcox*, 48 id., 327; Curtis on Pat., § 189.) So long as one tenant does not exclude his co-tenant, he does not become liable for the use of the joint property. These rules apply equally to chattels and, with great force, to the property in a patent right, in which, from its nature, there can be no exclusive use or enjoyment, and each owner can at the same time have, use and enjoy the thing ·patented, or its use and product.

In opposition to these views, is the case of *Pitts* v. *Hall* (3 Blatch., 201, cited in Curtis on Patents [4th ed.], 211, *N.*) That case holds that where one tenant in common in a patent right sells the whole interest in the patent, his co-tenant may maintain an action for an infringement against his co-owner, and recover his proper damages. It is certainly very doubtful if this case accords with the law applicable to ownership in common, as held by other courts and judges. But in that case the action is said to be maintainable upon the ground that one tenant had sold the whole interest, thereby constituting a conversion of the share belonging to his co-tenant. In the case under consideration, the vendor to defendant did not assume to sell any thing but his own rights, and did not attempt to sell the right of his co-owner. It is therefore distinguished from the case of *Pitts* v. *Hall* (*supra*), and should not be controlled by it.

The plaintiff's counsel has presented with great clearness the difficulties, if not wrongs, following our construction of the law. They are also shown by Judge HALL in the case cited. A contrary decision would involve other hardships, if not wrongs, of equal or greater severity.

The adjustment of the right of tenants in common is exceedingly difficult and, in some cases, impossible, upon any just and equitable basis. Under the law as administered in this State, we think the judge at Special Term was correct in holding that no cause of action was set up in the complaint.

The order of the Special Term should therefore be affirmed, with ten dollars costs and expenses of printing, with leave to plaintiff to amend, upon payment of costs of demurrer and of this appeal, within twenty days.

LEARNED, P. J.:

I agree with the result of the foregoing opinion. It seems to me that the rights of the parties are more plainly seen, if we observe that letters patent for an invention simply give a right to bring actions against other persons, and thus prevent them from doing what they might otherwise lawfully do. (*Hawks* v. *Swett*, 11 S. C., 146.)

The rules applicable to tenants in common of things may

therefore not be applied to the united owners of what consists only in authority to bring actions.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Ordered accordingly..