WILLIAM KEAN, Administrator, *vs.* MICHAEL CONNELLY.

August 8, 1878.

**Tenants in common—Use of entire property by one.**—One cotenant of real property cannot recover from his cotenant on account of the appropriation, by the latter, directly to his own use, of the products of the common property, where there is no agreement between the parties making the latter liable to the former on account of such appropriation, and where the latter has not excluded the former from the enjoyment of the common property.

**Same—Action—Set-off of taxes paid.**—Where one cotenant recovers of his cotenant for receiving more than his just proportion of rents and profits of the common property, the latter is entitled to be allowed to offset, in reduction of the amount recovered, all sums paid by him, within six years, for taxes upon the former's share of the estate.

The plaintiff, as administrator of Samuel Connelly, deceased, brought this action in the district court for Dakota county, alleging in his complaint that his intestate, at the time of his death, in June, 1865, was the owner of an undivided two-thirds of certain described land in that county, of which the defendant claimed to own the other undivided one-

third; that a large part of the land is grass-land, producing annually a large quantity of hay; that the defendant has used and occupied the land, cut the grass thereon, and received all the rents and profits thereof, since the death of Samuel Connelly down to the time of the commencment of this action, and has converted the same to his own use, and has never accounted to or paid over to the plaintiff or any representative of the deceased any part thereof; that the rents and profits of the land, so taken and converted, were reasonably worth $100 per year, amounting in the aggregate to $1,000, two-thirds of which is due and owing to the plaintiff as such administrator. He therefore prays judgment for $666.66, with interest.

The defendant in his answer puts in issue the title of plaintiff's intestate to more than one-third of the land, and alleges title in himself to an undivided two-thirds; denies that the rents or profits of the land from any source were more than $10 per year; alleges that five of the items claimed in the complaint, and the cause of action therefor, accrued more than six years prior to the commencement of the action; and that for ten years last past, he has paid all the taxes upon the land, to an amount exceeding one hundred dollars, one-third of which the plaintiff is liable to pay to him; and demands judgment for $33.33.

At the trial before *Crosby*, J., the plaintiff conceded that defendant owned two-thirds of the land. At the trial it appeared from the plaintiff's evidence that the property comprised about 60 acres of meadow land, which yielded from a ton and a quarter to a ton and a half of hay per acre, and that the defendant cut from 35 to 50 tons a year, worth, as standing grass, about a dollar per ton. The defendant proved that during the six years next preceding the commencement of the action, he had paid the taxes on the land, amounting to $63.

The jury found a verdict for plaintiff, a new trial was refused, and the defendant appealed.

*Davis, O'Brien & Wilson,* for appellant.

*Smith & Hale,* for respondent.

BERRY, J.   Defendant and the plaintiff's intestate were tenants in common of certain parcels of land, the former owning an undivided two-thirds, the latter the remainder   Defendant cut grass growing upon the land.   This action is brought to recover one-third of the value of the same, "as rents and profits" of the common property, received by defendant.   It is not alleged or shown that defendant sold any of the grass; but the complaint alleges that the grass was cut and taken by him, and that he "converted" it to his own use. As these allegations are not controverted, it may be assumed that the defendant in some way appropriated the grass to his own use, and thus had the benefit of it, though it cannot be assumed that he sold it, or that he received value for it in money or otherwise.   The answer denies that the value of the rents and profits was as large as alleged in the complaint, and attempts to set up a counterclaim, arising out of the payment, by defendant, of all the taxes charged upon the whole of the common land.   No facts are averred showing that any accounting is necessary, in order to determine what share of the rents and profits received by defendant the plaintiff is entitled to recover.   But, upon the issues as found, if he is entitled to recover anything, he is entitled to recover a share of such rents and profits proportionate to his share in the lands, to wit, one-third, less the deduction, if any, to which the defendant may be entitled, on account of the payment of taxes.   In other words, it is, upon the issues, to be assumed that the defendant is not entitled to have the plaintiff's one-third of the rents and profits, received by defendant, abated or reduced, on any other account than that of such payment of taxes.   Under this state of facts, there is no reason why, if the plaintiff is entitled to recover at all, he should not do so in this action, which may properly be regarded as in the nature of *assumpsit.*   Freeman on Cotenancy, §§ 280–284.

The main question of the case is, whether one tenant in common can recover anything of his cotenant for taking and converting to his own use the products of the common land? The question has, of course, no reference to a case of waste, or the receipt of rents or profits from a third person. Our statute enacts that "one joint tenant or tenant in common, and his executors or administrators, may maintain an action against his cotenant for receiving more than his just proportion of the rents or profits of the estate owned by them as joint tenants or tenants in common." Gen. St. *c.* 75, § 24. As respects the ground of the liability of one tenant in common to his cotenant, this statute is analogous to 4 & 5 Anne, *c.* 16, which gives an action of account by one tenant in common against another as his bailiff, "for receiving more than comes to his just share or proportion;" also, to the statute of New York, which gives a like action against a cotenant "for receiving more than his full proportion." 1 R. S. 750, § 9; also, to the statute of Indiana, which gives a tenant in common an action against his cotenant, "for receiving more than his just proportion." The statute of Missouri is similar to the New York statute.

In *Henderson* v. *Eason*, 17 Q. B. 701, on appeal from the court of Queen's Bench to the Exchequer Chamber, the passage above quoted from the statute of 4 and 5 Anne was fully considered, and was held "to apply only to the cases where the tenant in common receives money or something else, where another person gives or pays it, which the cotenants are entitled to simply by reason of their being tenants in common, and in proportion to their interests as such, and of which one receives and keeps more than his just share according to that proportion." *McMahon* v. *Burchell*, 2 Phil. 134 (22 Eng. Ch. 125,) is to the same effect. In *Woolever* v. *Knapp*, 18 Barb. 265, the statute of New York came under consideration. It was held to be substantially the same as the statute of Anne, and the court followed *Henderson* v. *Eason, supra,* holding that one of several tenants in common,

v.25m—15

who possesses the entire premises, without any agreement with the others as to his possession, or any demand on their part to be allowed to enjoy the premises with him, is not liable to account to his cotenants for the use and occupation of the premises. This case is approved and followed in *Dresser* v. *Dresser*, 40 Barb. 300; in *Elwell* v. *Burnside*, 44 Barb. 447; in *Wilcox* v. *Wilcox*, 48 Barb. 327; in *Scott* v. *Guernsey*, 60 Barb. 163, and has not, so far as we discover, been criticised or disapproved in any of the courts of New York. In *Crane* v. *Waggoner*, 27 Ind. 52, the statute of Indiana above referred to was considered, and, citing and following *Henderson* v. *Eason*, and *Woolever* v. *Knapp*, the court held, that the statute applied only to cases "where rent and payment in money or in kind, due in respect of the premises, is received from a third party by one cotenant, who retains for his own use the whole, or more than his proportionate share," and that one tenant in common, unless he has been excluded from possession by his cotenant, cannot maintain an action against the latter for use and occupation. *Ragan* v. *McCoy*, 29 Mo. 356, is to the same effect. See also *Israel* v. *Israel*, 30 Md. 120; *Izard* v. *Bodine*, 3 Stockt. 403; *Davidson* v. *Thompson*, 22 N. J. Eq. 83; *Pico* v. *Columbet*, 12 Cal. 414; *Peck* v. *Carpenter*, 7 Gray, 283; Freeman on Cotenancy, §§ 258, 270, 275, 276. A different view of the liability of a tenant in common is taken in *Thompson* v. *Bostick*, 1 McMullan's Eq. (So. Car.) 75; in *Early* v. *Friend*, 16 Grattan, 47; in *Shiels* v. *Stark*, 14 Ga. 435; in *Hayden* v. *Merrill*, 44 Vt. 348; but we think that Mr. Freeman is warranted in asserting that "the decided preponderance of the authorities, both in England and in America, affirms the right of each cotenant to enter upon and hold exclusive possession of the common property, and to make such profit as he can by proper cultivation or other usual means of acquiring benefit therefrom, and to retain the whole of such benefits, provided that in having such possession, and in making such profits, he has not been guilty of an ouster of his cotenant, nor hindered the

latter from entering upon the premises and enjoying them as he had a right to do. The reasoning upon which these decisions, constituting the great bulk of the authorities on this subject, rest, is that as each cotenant has at all times the right to enter upon and enjoy every part of the common estate, this right cannot be impaired by the fact that another of the cotenants absents himself, or does not choose to claim his right to an equal and common enjoyment; that it would be inequitable to compel a cotenant in possession to account for the profits realized out of his skill, labor and business enterprise, when he has no right to call upon his cotenant to contribute anything towards the production of these profits, nor to bear his proportion when, through bad years, failure of crops, or other unavoidable misfortunes, the use made of the estate resulted in a loss, instead of a profit, to the one in possession." Freeman on Cotenancy, § 258.

It is not alleged in the complaint in this action that the defendant has been guilty of any ouster of the plaintiff or his intestate, nor that he has in any way hindered them from entering upon the common premises and enjoying the same. Neither does the case disclose any evidence to that effect. If it did, the evidence would be irrelevant, for lack of proper allegations in the complaint. The case is simply one in which the defendant has appropriated directly, to his own use, products of the common property, without, so far as appears, any exclusion of his cotenant from the enjoyment thereof. In such a state of facts, the plaintiff cannot recover. It is proper to add that, upon the evidence in the case, it does not appear that the defendant has appropriated any more than two-thirds of the grass growing upon the common land. This would be no more than the "just proportion" which the statute under which this action is claimed to be brought allows him, for he owns two-thirds of the land; and in this connection, it is further to be noticed that though evidence as to the quantity of grass cut by defendant was received without objection, the complaint, even if sufficient in other respects, is evidently

defective in failing to allege a taking by defendant of more than his "just proportion."

With regard to the matter set up by way of counterclaim, we are of opinion that it was not well pleaded as a counterclaim, neither was the evidence sufficient to warrant its allowance as such. There was not, at the time when the taxes were alleged to have been paid, any provision of law authorizing a tenant in common to recover of his cotenant for taxes paid by the former upon the latter's share of the common estate, unless such payment was made at the latter's express or implied request. Payment without such request would, therefore, be the act of a mere volunteer, and would impose no obligation of reimbursement. But in case one cotenant recovers of another, for receiving more than his just proportion of rents and profits, we are of opinion that the latter should be allowed to offset, in reduction of the amount recovered, all sums paid by him, within six years, for taxes upon the former's share of the estate. *Hannan* v. *Osborn*, 4 Paige, 343; Freeman on Cotenancy, § 278. The offset should be allowed, not as a statutory counterclaim, but as an equity, under Gen. St. c. 66, § 79, subd. 3. An equity of this kind may well rest upon the justice of requiring the tenant who seeks to charge his cotenant for receiving more than his just proportion of the rents and profits, to make allowance for moneys expended in the defence or protection of the common estate, as, for instance, in preserving it from forfeiture on account of non-payment of taxes.

We believe that these conclusions dispose of all the important questions in the case, the result being that the order denying a new trial is reversed.