Johnson, C. J.
The action below was a joint action in favor of Lewis A. Oalioon, Matilda G. 'Williams and Laura R. Challen to recover three months’ rent from January 1, 1881, for premises rented from them by defendant at the rate of $1,000 per year payable in quarterly installments.
I. The second answer to which the plaintiff demurred, is that Matilda G. Williams and Laura R. Challen, are married women. This is no defense. Married women may sue in their own name, or jointly with others, where the action concerns their separate property. In such case it is not necessary their husbands . should join. Rev. Stat. §§ 4996, 5005. The fact that they are married women does not prevent them from joining with their co-plaintiff in renting the premises to defendant, nor joining with him in an action upon such contract to recover the rent due. In case of a joint demise, all are proper parties to an action to recover rent due thereon.
II. The third defense is, that Cahoon is the owner of an undivided twelfth part of said premises ; that Matilda G. Williams and E. Cort Williams, her husband, are owners, in right of the wife, of an undivided twelfth, and that Laura R. Challen and James R. Challen her husband, in right of said Laura B. Challen, are the owners of an undivided twelfth. Wherefore he prays judgment.
This, upon demurrer thereto raised the question, whether the husbands are necessary parties to the action. The argument is, that inasmuch as it is averred that the husbands and their wives are owners in righhof the wives, this is equivalent *197 to an averment, that this was the general property of the wives prior to the married woman’s act of 1861, which the demurrer admits, and therefore, the husbands had a joint interest with their wives as plaintiffs. The argument proves two much, for if this was the general estate of the wives acquired "before the act of 1861, then all the rents and profits at common law vested in the husbands subject only to the limitations contained in the act of 1847, so that the averment that the husband and wife are jointly the owners, would give the husbands the sole right to the rents, if the property were the general estate of the wife, prior to the act of 1861.
Under the act of 1861, the general estate of the wife becomes the separate property of the wife, and she may make contracts of writing in her own name. Had defendant sought to aver such a property in the husband as gave a right of action in his favor for these rents, the allegation to that effect should be specific, and not be left as it is, to be inferred from the statement that he and his wife are owners in right of the wife, a legal conclusion that in no event can give a joint action for the rent; for if this was the general property of the wife, prior to the act of 1861, then she was not entitled to these rents jointly with her husband, but he alone should sue for them. If it was acquired since 1861, it was the separate property of the wife, and she alone should sue. The averment that it is the joint property of husband and wife, in her right, is not inconsistent with her right to the rents and profits, in her sole right to rent the same as her separate property.
The fourth defense is the same as the third as to ownership, and an averment that plaintiffs and the two husbands are the owners of three undivided twelfths of the premises, while defendant as a lessee from other tenants in common is the owner of the remaining nine-twelfths thereof, and that he and they are therefore tenants in common. Hence, it is claimed that no right of action exists in favor of plaintiffs against him.
This is founded upon the claim, that one tenant in common cannot sue another for use and occupation.
Without considering this question, or determining the *198 scope and effect of section 5774, of Revised Statutes ; we hold that the case made by the petition, the 4th answer and the demurrer thereto, does not present this question.
This is not a suit for use and occupation growing out of their relations as tenants in common,. The allegation is, “ that prior to January 1, 1881, the. defendants rented from them, <&c. . . at the rate of $1,000 per annum in quarterly installments of $250, and that defendants continued to rent said premises down to and including March 81, 1881.”
The journal entry shows, that counsel for plaintiffs stated to the court that their action was for “use and occupation.”
This was true in a general sense, but not in a legal sense, and did not warrant the court in disregarding the pleadings. These pleadings show that though these parties were tenants in common, yet the relation of landlord and tenant existed.
Whenever this is the case an action in the nature of assump-sit will lie. If there is a contract of renting, between tenants in common that relation exists, and an action on that contract will lie, notwithstanding they are tenants in common.
We understand counsel for defendant in error to admit this proposition. It is abundantly sustained by authority and is decisive of this case.
The demurrer to the fourth defense should, therefore, have been sustained. Freeman on Cotenancy, §§ 268, 269; Kean v. Connelly, 25 Minn. 222; Eppes Ex'r v. Cole, 4 Henn. & Munf. 161; Overton v. Ogle, 13 East, 538; Bond v. Willis, Bushn. (N. C.) 308; Cowper v. Fletcher, 118 E. C. L. 462; Snelgar v. Henston, Cro. Jac. 611; Luther v. Arnold, 8 Rich. 24.
In our construction of the pleadings the provisions of Rev. Stat. § 5774, are not involved.

Judgment reversed.