JOSEPH D. MULDOWNEY, Respondent, *v.* THE MORRIS AND ESSEX RAILROAD COMPANY, Appellant.

*Pleadings — right of the plaintiff to any relief he may be entitled to upon the case made — when one tenant in common may recover, for use and occupation, from a co-tenant who excludes him from the possession of the premises.*

The plaintiff alleged in his complaint that, in 1857, John Dunn, of Morris county, New Jersey, died intestate, leaving him surviving his widow, Margaret, and two children, John J. and May, and being then seized in fee of a parcel of land situate at Madison, in New Jersey, which is described in the complaint. In 1873, May Dunn, the daughter, was married to the plaintiff, of which marriage a child was born in December, 1875, which died in July, 1876. The daughter died intestate in September, 1876. In 1878, Margaret, the widow of John Dunn, and her son, John J., conveyed the said premises to F. S. Lathrop, who, in January, 1879, conveyed them to the defendant, which has ever since been in the quiet and undisputed possession thereof; that the said premises, when conveyed to the defendant, were wholly vacant and unimproved, but were, at the time this action was brought, covered by a depot building erected and occupied by the defendant for the purposes of its business; that the plaintiff did not, prior to the summer of 1884, know that he had any interest in the premises. The relief demanded was that the defendant should account to the plaintiff for the rents, issues and profits of the premises and pay to the plaintiff the rental value of his interest in the premises from the date of the conveyance by Lathrop in January, 1879.

*Held*, that an objection made by the defendant that, as the defendant itself occupied the premises, it could not be required, under the facts stated in the

complaint, to respond in rent or to render an account was properly overruled, as it was competent for the court to permit the plaintiff to take any judgment consistent with the case made by the complaint and embraced within the issue.
The court found that the plaintiff had title in the premises as alleged; that the defendant had at all times refused, and does refuse to allow the plaintiff to use and enjoy his interest in the premises, or to let him into possession or to pay him any sum for use and occupation; that it received the total rental value of said premises since January, 1879, and more than its share; that it occupied the whole of said premises in such a manner that plaintiff could have no beneficial use thereof, and that no one, as they are now situated, can use them except a railroad for railroad purposes, and that it was impossible to set off a third or a half, or any fractional part thereof, and that there could be no joint occupation of them; a judgment was directed in favor of the plaintiff for an amount adjudged by the court to be the value of the plaintiff's one-third interest of the use and occupation of the said premises from January 7, 1879, to January 7, 1886.

*Held,* that the judgment should be affirmed.

*Woolever* v. *Knapp* (18 Barb., 265); *Dresser* v. *Dresser* (40 id., 300); *Wilcox* v. *Wilcox* (48 id., 337); *Joslyn* v. *Joslyn* (9 Hun, 388), and *Roseboom* v. *Roseboom* (15 id., 309) distinguished; *McCabe* v. *McCabe* (18 id., 153) approved.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought by the plaintiff, who claimed to have an estate, as tenant by the curtesy, in property which the defendant used and occupied.

The plaintiff asked " the judgment of the court that the defendant account for the use and occupation of plaintiff's estate and interest in the hereinbefore described premises since the 7th day of January, 1879, to the 7th day of January, 1886; that the court may ascertain and determine the rights, interests and estates of the plaintiff and defendant in and to the premises described in the complaint, and the proportions in which plaintiff and defendant are entitled to share in the rents, issues and profits thereof, and plaintiff's just proportion of the rents, issues and profits of said described premises during said time; that plaintiff may recover of defendant his just proportion of the rents, issues and profits of said premises, and the amount found due on said accounting, with interest, as the court shall determine, and that plaintiff may have such other and further relief as to the court shall deem equitable and just."

The defendant called no witnesses, but moved, after the plaintiff had stated his cause of action, and after he had closed his case, to

di;miss the complaint on the ground that an action for an accounting would not lie in favor of a tenant in common against his co-tenant for the use and occupation by such co-tenant of the entire premises he!d in common. The court denied the motion and directed a judgment in favor of the plaintiff.

*Hamilton Odell,* for the appellant.

*Frank Hasbrouck,* for the respondent.

PRATT, J. :

This is an appeal from a judgment entered against the defendant upon a decision at Special Term, and the case discloses the following facts : John Dunn, of Morris county, New Jersey, died in 1857, intestate, and leaving him surviving his widow, Margaret Dunn, and two children, John J. and Mary. At the time of his death he was seized in fee of a parcel of land situated at Madison, in New Jersey, which is described in the complaint, and which contained 2,691 square feet. The said premises descended to his children "as equal tenants in common, subject to the dower rights of their mother."

In 1873 Mary Dunn, the daughter, was married to the plaintiff. A child was born of the marriage in December, 1875, which died in July, 1876. Mrs. Muldowney died intestate in September, 1876. In 1878 Margaret Dunn, the widow, and her son, John J., conveyed the said premises to F. S. Lathrop, and in January, 1879, Lathrop conveyed them to the defendant, who has ever since been in quiet and undisputed possession thereof, "except that plaintiff has asserted and claimed an interest therein from about two years ago." The said premises, when conveyed to the defendant, were wholly vacant and unimproved, but are now covered in part by a depot building, erected and occupied by the defendant for the purposes of its business.

It was not until the summer of 1884 " that plaintiff discovered and knew that he had an interest in the said premises, and plaintiff did not notify the defendant that he had or claimed to have any estate or interest in the said premises until during the summer of the year 1884." It is not claimed that the defendant had any prior knowledge or notice of the plaintiff's said estate or interest. The plaintiff's demand upon defendant was not that he should be let

into possession, but that defendant should pay him the rental value of his interest in the premises from the date of the conveyance by Lathrop to defendant in January, 1879. The defendant's first objection is that the form of action is improper, that it cannot be required to respond in rent or for an accounting, etc., under the facts stated in the complaint.

It is plain that if the plaintiff can have no relief in this action he is without remedy, for he has stated all the facts constituting his cause of action, and answer has been interposed and the issues tried. To so state his facts was all the law required of him, and an answer having been filed and case tried, it was competent for the court to permit the plaintiff to take any judgment consistent with the case made by the complaint and embraced within the issue. The object is to do complete justice between the parties when they both have an opportunity to be heard, irrespective of any theories the parties may entertain when they file their pleadings.

Under the present system of Code pleading the plaintff must state the facts and pray for such relief as he *supposes* himself entitled, but he is not to be turned out of court because he prays for too much or too little, or for wrong relief. In this case the plaintiff prayed for enough, but if he prayed for too much it is of no consequence.

The court below has found title in the plaintiff, as alleged, and that the land is in the exclusive possession of the defendant. "That the defendant has at all times and does refuse to allow the plaintiff to use and enjoy his interest in the premises, to let him into possession, or to pay him any sum for use and occupation." That defendant occupies the whole of said premises in such a manner that plaintiff can have no beneficial use, and that no one, as it is now situated, can use it except a railroad, for railroad purposes, and that it is impossible to set off a third or a half or any fractional part, and that there can be no joint occupation of said premises. The court has further found that defendant has received since January, 1879, the total amount of rental value of said premises, and more than its share.

If these findings are sustained the judgment ought to be affirmed, but if we assume that the findings of fact are not all sustained by the proof, we still think there is enough in the undisputed facts of

the case to entitle the plaintiff to hold the judgment he has obtained. It must be conceded that the court had jurisdiction of the parties and the subject matter involved. The answer simply denies, upon information and belief, that plaintiff has any interest in the premises, and sets up the title under which it holds. The answer admits, by not denying it, that defendant has never allowed, and will not allow, plaintiff to occupy any part of said premises, and have never paid him any rent for the use of said premises.

The situation, as claimed by the defendant, is as follows: The plaintiff cannot sue in ejectment, as the defendant's occupation is plaintiff's occupation. (Code of Civil Pro., § 1515.) That he cannot maintain partition as his title is simply life-tenant, while the defendant owns the remainder in fee. (Code, §§ 1538, 1539.) That he cannot sue for an accounting, as the defendant has received no rents; nor for use and occupation, as there is no relation of landlord and tenant; and so the plaintiff can have no remedy whatever.

The plaintiff claims that the defendant is the owner of the whole property, subject to a right possessed by the plaintiff, in the nature of an annuity charged thereon, which the court has fixed at forty-one dollars and sixty-six cents. But, whatever may be the technical relation of the parties, the plaintiff has made out a case entitling him to relief. It is not fatal to his claim that no precise authority can be found in this State authorizing such a judgment.

It was, under the common law, the practice in England when a suitor desired redress for a wrong for which there was no established remedy to apply to the proper court to frame a writ that would give him a just remedy, and that form of action known as "action upon the case" was adopted to meet a large number of such cases. Again, courts of equity were established to afford a remedy where the technical rules of law were insufficient to administer justice. The Supreme Court of this State, under the Constitution, has "general jurisdiction in law and equity," and exercises, under such rules of practice as the legislature has established, the common law and chancery powers exercised in this State prior to the adoption of the Constitution of 1846.

The plaintiff is properly before the court, its jurisdiction is not questioned, and no technical rule of practice forbids its doing justice between the parties. It is a clear wrong to deprive the plaintiff

of the enjoyment of his property without compensation, and to deny the power of the court to give the plaintiff relief is to challenge its power to do justice. But we think this case can be relieved of all embarrassment by holding that the plaintiff and defendant are tenants in common, and that the action can be maintained under section 1666 of the Code of Civil Procedure—"tenants in common are such as hold lands or tenements by several and distinct titles, but occupy in common, the only unity recognized between them, being that of possession." They are accountable to each other for the profits of the estate, and if one turns another out of possession an action of ejectment will lie against him. They may also have reciprocal actions for waste against each other. (2 Black. Com., 191.) The action of account now lies when one tenant has received "more than his just proportion" of the rents. (Code, § 1666.)

Whether an accounting will lie where the tenant has not received rent has never been decided by the Court of Appeals, but the Supreme Court has, in several instances, decided that such an action cannot be maintained, but the cases are all easily distinguished from the parent case and cannot be regarded as authority for the decision of the case at bar. The leading case is *Woolever* v. *Knapp* (18 Barb., 265), which was decided by MASON, Justice, in 1854. The decision of the case is put entirely upon the similarity of our statute to the English statute; and the construction put upon the latter by the English courts is adopted as the construction of our statute.

The language of the reasoning of the English cases is adopted by Judge MASON as follows, viz.: "The effect of allowing an action in such a case would be that one tenant in common, by keeping out of actual occupation of the premises, might convert the other into his bailiff; in other words, prevent the other from occupying them except upon the terms of paying him rent." To this it may be replied, why not, if he received more than his share? If he kept his tenant out and received the whole benefit, why not pay his tenant his just proportion?

The case, however, decides that the statute applied only to cases where the defendant received rent, and not to cases where he solely occupied the premises. The cases holding the same doctrine are *Dresser* v. *Dresser* (40 Barb., 300); *Wilcox* v. *Wilcox* (48 id., 327);

*Joslyn* v. *Joslyn* (9 Hun, 388); *Roseboom* v. *Roseboom* (15 id., 309). These cases all cite and follow *Woolever* v. *Knapp,* and none contain any new reasoning upon the subject. These cases can all be distinguished from this case : First. The joint or common premises in every case were farming lands *open to the occupation* and free to the enjoyment of all the owners. Second. The owners in each case were seized of parent *estates of co-ordinate rank.* Third. In all the cases there was a failure of proof of demand on the part of the complaining tenant to be allowed to enjoy the premises.

In *Woolever* v. *Knapp* the question is stated to be " whether one tenant in common who possesses the entire premises without any agreement with the others as to his possession, or *any demand on their part to be allowed to enjoy the premises with him,* is liable to account."

In *Dresser* v. *Dresser* it is said : " For aught that appears, the defendant might at all times have occupied the premises jointly with the plaintiff, if he had chosen to do so."

In *Roseboom* v. *Roseboom* it is said : Defendant " might remain in the occupancy of the whole so long as he did nothing to prevent his co-tenants from occupying with him." In all the cases just decided it may also be added that the equities were against the party claiming an account for rents.

Here the defendant excluded the plaintiff and chose to occupy the premises, thus, by the use and enjoyment of the premises, receiving the rent. The benefit or rent thus received the court has fixed, and the law assumes that defendant is the plaintiff's bailiff to this amount. If the defendant elects to receive rent by the use of the premises, what reason is there for holding that he shall not pay his co-tenant his just proportion.

This case is somewhat analogous to that of *McCabe* v. *McCabe* (18 Hun, 153). That was an action of partition between tenants in common. The defendants in their answer asked that the plaintiff account for his sole possession of the premises, and for stone quarried therefrom. With regard to quarrying stone, the court says : It " is a very different act from the occupation of the land or from its cultivation." The judge further says : " It may be necessary to adhere to the rule that for mere occupancy the co-tenant shall not be liable to account ; but there is no reason to extend that rule to a

case where the co-tenant actually consumes or takes off and disposes of a part of the property held in common." In the case at bar the defendant has appropriated the whole of plaintiff's to its own use.

We think the findings of fact are abundantly sustained by the proofs, and that the facts do not bring the case strictly within the principle laid down in *Woolever* v. *Knapp,* and that the judgment is right, unless the rents should have been computed from the summer of 1884, when the demand was made by the plaintiff to be let into possession, instead of the date of January 7, 1879. It is evident that a demand would have been futile, and that a failure to make it has not misled the defendant or put it in any worse condition in respect to the premises.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.