## LINEAS LE BARREN, RESPONDENT, *v.* SAMUEL BABCOCK AND OTHERS, APPELLANTS.

*Tenants in common of a farm — a tenant who sows and cuts oats on a piece of land is entitled to them, as against his co-tenants—but not to hay cured from grass growing thereon mowed by him.*

This action was brought to recover damages from the defendants for carrying away and converting to their own use a quantity of hay and unthreshed oats from a farm, of which one Le Barren died seized in 1882, leaving him surviving eleven children, one of whom was the plaintiff and another was the wife of the defendant House. In 1885 the plaintiff cultivated a piece of land on the farm and sowed it with oats, and when they matured cut them. While they were lying on the ground the defendant House, acting by authority derived from his wife and the other defendants, raked up the oats and drew them away.

*Held,* that, as it was to be assumed that all of the heirs of Le Barren were free and at liberty to go upon and occupy the premises jointly without being liable to each other for the use and occupation of the farm, the plaintiff was lawfully in possession and had the right to cultivate the ground and sow and harvest the oats, and that as the oats were the product of his labor, rightfully performed, he was entitled to maintain this action for their conversion.

The plaintiff mowed some of the grass growing in the meadow on the farm, and was proceeding to cure and gather the hay so cut, when the defendant House went into the field and drew some of it away.

Upon the trial of this action the court charged the jury that when the plaintiff entered upon the portion of the meadow on which he cut the grass he took possession of that part of the premises, and by force of it acquired the title to the grass which he cut, and that he had the right to protect such possession and the title thus derived to the grass mowed there by him.

*Held,* that the court erred in so charging.

That as growing grass is a part of the realty until severed, and unlike other farm crops is, in some sense, a self-supporting production, the hay in question was not the product of the labor of the plaintiff, and that he acquired no additional right of property by the mere act of severing it from the land.

APPEAL from a judgment, entered on a verdict in favor of the plaintiff rendered at the Cattaraugus Circuit, and from an order denying a motion made upon a case and exceptions for a new trial.

*Morris & Lambert,* for the appellants.

*W. S. Thrasher,* for the respondent.

BRADLEY, J.:

This action is for the alleged taking by the defendants, carrying away and converting to their own use a quantity of hay and unthreshed oats. And it appears that in 1882 one Le Barren died intestate, seized of a farm, and leaving him surviving eleven children, one of whom was the plaintiff, and another was the wife of the defendant House. In 1885 the plaintiff cultivated a piece of land on the farm, sowed it to oats, and when they matured cut them, and while they were lying on the ground the defendant House, with the assistance of others, raked up and drew them away. And that the plaintiff mowed some of the grass growing in the meadow on the farm, and was proceeding to cure and gather the hay so cut, when the defendant House went into the field and drew some of it away. This was all done without the consent of the plaintiff, who charges that all the defendants participated in the act of taking and removing the property. .

The defendant House in what he did, acted by authority derived from his wife. And he and the plaintiff may be treated as tenants in common of the farm, and the defense rests upon that relation. It does not appear that there had been an ouster by the plaintiff of any of the heirs of the ancestor, or that he assumed to occupy the premises in exclusion of them. It, therefore, must be assumed that all of them were free and at liberty to go upon and occupy the premises jointly with him, and that he was not liable to them for the use and occupation had by him of the farm. ( *Woolever* v. *Knapp,* 18 Barb., 265.) The plaintiff's right to recover must depend upon his title. He was lawfully in possession, and had the right to cultivate the ground, sow and harvest the oats. They were the product of his labor rightfully performed. In doing this he was in no sense the bailiff of his co-tenants. The product was his and his right of action against those who took it away is supported.

(*Bird* v. *Bird*, 15 Fla., 524; S. C., 21 Am. R., 296.) The reason of this rule is founded upon the salutary principle that a tenant in common who, although permitted, is not disposed to occupy or cultivate the lands, cannot take or appropriate any share in the productions of his co-tenant or charge the latter for their use by him as otherwise they may have lain waste or unproductive, and is within the doctrine of adjudications in this State, although none have come to our observation determining directly the precise question presented here. (*Dresser* v. *Dresser*, 40 Barb., 300; *Wilcox* v. *Wilcox*, 48 id., 327.) The statute provides for remedy of a tenant in common by way of an action against his co-tenant to require the latter to account for the amount received more than his just proportion. (1 R. S., 750, § 9.) This does not include the value of the use or of the products devoted to his own use. (*Joslyn* v. *Joslyn*, 9 Hun, 388; *Pico* v. *Columbet*, 12 Cal., 414; 73 Am. Dec., 550; *Everts* v. *Beach*, 31 Mich., 136; 18 Am. R., 169; *Kean* v. *Connelly*, 25 Minn., 222; 33 Am. R., 458; *Roseboom* v. *Roseboom*, 15 Hun, 309; *Izard* v. *Bodine*, 3 Stock. Ch., 403; 69 Am. Dec., 595.)

The possession of one tenant in common is not presumed to be in hostility to that of his co-tenants, but unless it appears to be exclusive or adverse is deemed the possession of all of them, (4 Kent Com., 370.) And they may jointly occupy every portion of the lands so held in common and neither can rightfully sever or occupy in severalty the premises without the consent express or implied of the others.

The question relating to the grass cut by the plaintiff presents an inquiry somewhat different from that relating to the oats. The trial court held and charged the jury to the effect that when the plaintiff entered upon the portion of the meadow on which he cut the grass he took possession of that part of the premises, and by force of it acquired the title to the grass which he cut; that he had the right to protect such possession and the title thus derived to the grass mowed there by him. This proposition is a legal assumption that this was an ouster of the co-tenants from that portion of the farm and that the possession of the plaintiff became adverse to them. If that position is supported it may be the defendant could not as against the plaintiff effectually assert any claim to the hay in question, because he must establish his right by ejectment

before any interest resting in possession could be maintained. (*Stockwell* v. *Phelps*, 34 N. Y., 363 ; *Wait* v. *Richardson*, 33 Vt., 190 ; 78 Am. Dec., 622.) The plaintiff, as tenant in common at least, was rightfully in possession, and the defendant House had no right to put him out. But that situation, in view of the fact that the possession of one tenant in common is presumptively the possession of the others, also did not deny to his co-tenant the right to go into the possession as such of this part of the land. The grass growing in the meadow was the property of all the co-tenants, and they had, so far as appears, the possessory right jointly to go upon the premises, cut and take it away. The plaintiff was not a trespasser in proceeding as he did to mow and gather the hay, nor was the defendant House in going upon the land. It is not apparent how the plaintiff, by going upon this portion of the premises and cutting the grass, and in proceeding to gather it, acquired the exclusive possession in hostility to the other tenants so as to produce their disseisin. That act clearly did not have such effect. (*Culver* v. *Rhodes*, 87 N. Y., 348.)

The case, as presented by the record, does not, therefore, require the consideration of any question relating to the effect of ouster by a co-tenant upon the rights of property of the other tenants in common, and the remedies incident to that situation, nor do we intend to indicate any views upon that subject. If the plaintiff had been permitted to cut and appropriate all the grass in the meadow to his own use the other tenants in common would have been without remedy against him within the rule before stated. (*Badger* v. *Holmes*, 6 Gray, 118.) And if the mowing and proceeding by one tenant in common to gather the hay vests in him as against his co-tenants the exclusive title to it, then it would follow that precedence by one in the work of severing it from the land might have the effect to give him as against them the right to assert title to the whole as soon as it was so severed by the act of mowing. And thus summarily he could divest them of all right to any portion of the grass suitable for hay in the meadow of the common premises and leave them remediless. Growing grass, like trees, is part of the reality until severed, and unlike other farm crops is in some sense a self supporting production. The hay in question was, therefore, not the product of the labor of the plaintiff, and he acquired

no additional right of property by the mere act of severing it from the land. It may be that when property owned in common is in all respects equal in character, quality and value it may be severed by one tenant in common and his share taken by him, and that rule may be applicable to standing grass. (*Tripp* v. *Riley*, 15 Barb., 334; *Fobes* v. *Shattuck*, 22 id., 568; *Dear* v. *Reed*, 37 Hun, 594.) But that is not the question presented by the exceptions, and it is not here for consideration. Nor does the cited case of *Newcomb* v. *Ramer* (2 Johns., 421, note) support the plaintiff's contention. There the relation of tenancy in common did not exist in respect to the property in controversy. If these views are correct the defendant House, for the purpose of this review, must be treated as a tenant in common of the grass or hay in question. And the trial court was in error in holding that the plaintiff, by means of taking possession of the ground upon which it stood, and severing it from the land, acquired a title in exclusion of such defendant. There is no exception presenting any other question requiring consideration.

The judgment and order should be reversed, and a new trial granted, costs to abide the event.

BARKER, J., concurred; SMITH, P. J., not voting.

Judgment and order reversed, and new trial granted, costs to abide event.