Owen, C. J.
The principal question in the case, involves a construction of section 5774, of the Revised Statutes, which provides that: “ One tenant in common, or coparcener, may recover from another his share of the rents and profits received by such tenant in common or coparcener from the estate, according to the justice and equity of the case;” etc. The fact that no such remedy was available at common law, led to the enactment of the statute of Anne, (4 Anne, ch. 16, sec. 27), which provides that “ actions of account shall and may be brought and maintained * * * by one joint tenant, and tenant in common, * * * against the other, as bailiff for receiving more than comes to his just share or proportion,” etc.
It is contended by the plaintiff in error, that neither this statute, nor our own, authorizes a recovery by the out-tenant against the tenant in possession, for the value of the mere use and occupation of the joint estate. There are cases which seem to sustain this construction of the statute of Anne, supia, where the tenant in possession is to be regarded as a bailiff of the out-tenants. A bailiff in husbandry was, at the common law, one appointed by a private person to collect his rents and manage his estates. (Bac. Abr.) The leading English case which holds that mere use and occupation by a tenant in common, did not create a liability against him to his co-tenants, is Henderson v. Easen, 17 Ad. & El. N. S. 701, 718. The court says: “ It is to be observed that the statute does not mention lands or tenements, or any particular subject. Every case in which a tenant in common receives more than his share is within the statute; and account will lie when he does receive, but not otherwise. It is to be observed, also, that the receipt of issues and profits is not mentioned, but simply the receipt of more than comes to his just share; and, further, he is to account when he receives, not takes, more than comes to his jusi share.” Further construing the language of the *71 statute, the court concludes that use and occupation merely do not render the possessory tenant in common liable to his co-tenants. It will be observed that the word “ profits,” whose absence from the statute of Anne is made prominent by the court, is supplied in our statute. This construction of the English statute has been followed in this country in Sargeant v. Parsons, 12 Mass. 149; Woolever v. Knapp, 18 Barb. 265; Crane v. Waggoner, 27 Ind. 52; Ragan v. McCoy, 29 Mo. 367, and other cases. A different view was taken of the same question in Thompson v. Bostick, 1 McMullan Eq. (S. C.) 75, where the court says that “ to cultivate and have the use of lands, is to receive the rents and profits, though the occupier is his own tenant,” etc. In Early v. Friend, 16 Grat. Va. 47, the judge speaking for the court says: “ With all deference to the Court of Exchequer Chamber, I think the construction they put upon the word * receiving,’ is too technical and narrow at least for our country. * * * I do not see the force of the distinction drawn by that court between the words ‘ receive ’ and e take ’ in this connection. I think the word ‘ receiving ’ in the statute literally means a receiving of profits as well by use and occupation as by renting out the property.” This view is taken in Shiels v. Stark, 14 Geo. 429; and in a recent case in Vermont, Hayden v. Merrill, 44 Vt. 336, where the court say: “ It is safe to say that where the occupancy of one tenant in common is beneficial, and at a profit to such occupant, and is entire and exclusive, he is bound to account to his co-tenant for what he has received by such occupancy more than his just proportion.” We think this the better view.
The question does not rest, however, upon a construction of the statute of Anne nor upon its assumed similarity with our own. In framing the latter the general assembly departed from the phraseolgy of the English statute. The language, which in the latter limited the liability of the tenant in possession to that of bailiff, is omitted. The words “ rents and profits” are added. Then we are not at liberty to conclude or say that the words, “according to the justice and equity of the case,” were added without a purpose. This court has said in Conard *72 v. Conard, 38 Ohio St. 467, construing this statute : “ The' action given by the statute is a ‘ civil action ’ for rents and profits ‘ received ’ by a co-tenant in exce ;s of his full share, ‘ according to the justice and equity of the cased The case made upon this record is not an action for the recovery of money merely, but for an account according to the principles of equity, in which neither party had a right of trial by jury. In this respect, at least, our statute differs from the English statutes of 4 Anne, C. 16 sec. 27, which gave an action at law against a co-tenant as bailiff.”
We conclude that the voluntary and profitable use, occupation and enjoyment by a tenant in common of the common estate creates a liability against him to account to the out-tenant as for his share of the rents and profits received by the former, according (o the justice and equity of the case.
II. It is maintained, however, that in the peculiar circumstances of the case at bar the j udgment against the plaintiff' in error is wholly without equity. The lands occupied by him adjoined his own, and there was no partition fence between them; he had ample pasture of his own, and for the cattle pastured upon the common estate, and did not need the pasturing with which he was charged. Nevertheless, he did use the lands, and the value of that use was $150 per year. What effect the trial court gave to the conscious possession of these lands, as shown by the fact that “ during different years of the time he was in possession he fed his cattle on the woodland of the premises described in the petition,” we are not permitted to know. If he voluntarily used and enjoyed the profitable possession of the lands, it would not seem to be a defense against an action to account, that he did not need them —• that he had sufficient pasturage of his own for his. cattle.
The trial court was called upon to deal with all the facts according, to principles of equity, and while this case seems at first view to sound in hardship, we cannot say that it is sufficiently clear to us that the court so far ignored the justice and equities of the case as to justify us in reversing its judgment.
III. Was there error in charging the interest?
*73 The plaintiff in error was in no sense i n default. His possession of the common estate was rightful. No demand was made upon him for its possession, nor for the value of the use until the suit was brought. The claim was one as for unliquidated damages. There was no warrant for charging him with interest upon each annual installment of the yearly rental value of the lands. In this there was error, for which the judgment is modified by deducting the interest included in the judgment, and as thus modified the

Judgment is affirmed.