EXECUTORS OF JOSEPH W. REED vs. WILLIAM REED.

1. Where the cause is heard upon bill and answer, the allegations of the answer are to be taken as true.

2. A tenant for life is entitled to work a mine, quarry, clay-pit or sand-pit, which has been opened and used by the former owner. It is a mode of enjoyment of the land to which he is entitled.

3. A bill asking an injunction to restrain waste, and also an account for rent due, is demurrable on the ground of multifariousness.

4. When the title of *cestui que trusts* to the fund in question is involved, no decree will be made unless they are before the court.

5. On final hearing, permission given to amend by consent, by adding necessary parties within ten days, and before signing the decree.

*Beasley*, for complainants.

*A. V. Schenck*, for defendant.

THE CHANCELLOR. Joseph W. Reed, the complainants' testator, by his will, devised to his executors a farm for the life of his brother, William Reed, the defendant, in trust that they would permit him to occupy and enjoy the same, upon payment to them, for the use of the testator's sisters, Elizabeth Johnson and Ann Herron, of the yearly rent of $100, to be divided equally between them. On the death of William Reed, the defendant, the land is devised in fee to the children of the testator's said sisters, *viz.* to William R. Johnson and John H. Johnson, the children of Elizabeth Johnson, who are the complainants; and to the children of Ann Herron. The defendant, since the death of the testator, has been, and still is, in the possession of the farm by the permission of the complainants.

The bill charges that the defendant has committed waste on the premises, by cutting more timber and wood thereon than was necessary for the use of the farm, and by selling large quantities of sand, dug upon the land, to the prejudice of the inheritance; and that the defendant is also in arrear for

rent, nearly $200. The bill prays that the defendant may be decreed to make satisfaction for the waste committed; that he may be restrained from the commission of further waste; and that the complainants may have such further and other relief as may be agreeable to equity.

The answer denies the commission of waste by the cutting of timber; admits that the defendant has dug and sold sand from the ancient sand pits upon the premises, used for that purpose by the testator in his lifetime, and by other owners and tenants of the premises; alleges that the sand pits are upon a portion of the premises which can be used for no other purpose, and are unfit for cultivation; but claims that the defendant has a right to such use of the premises, and that it occasions no prejudice to the inheritance.

The answer further alleges that twenty acres of woodland, a part of said premises, had been sold by the executors by order of the Orphans Court, and that in consequence of such sale, and of the defendant's consent thereto, the complainants had agreed, with the consent of all parties interested, that the defendant should pay only $80 per annum rent for the residue of the farm remaining unsold; that only one year's rent is in arrear and unpaid; and that, on the settlement of the executors' account, there remained in their hands of the proceeds of said sale, a balance of $249.51, to the use and benefit of which the defendant claims to be entitled. The cause is brought to hearing upon bill and answer.

1. The answer denies the commission of waste by cutting timber on the premises, and thus effectually disposes of that part of the complaint. The allegations of the answer upon the present hearing are to be taken as true.

2. The tenant for life is entitled to work a mine, quarry, clay-pit, or sand-pit, which has been opened and used by the former owner. The working of the mine or quarry is a mode of enjoyment of the land to which the tenant for life is entitled. It is well settled, in regard to tenancies in dower, that the widow is entitled to dower in such mines

and quarries as were actually opened and used during the lifetime of her husband.  *Stoughten* v. *Leigh*, 1 *Taunt.* 402 ; *Billings* v. *Taylor*, 10 *Pick.* 460 ; *Coates* v. *Cheever*, 1 *Cowen* 460 ; *Rockwell* v. *Morgan*, 2 *Beas.* 389 ; *Park on Dower* 115, 119 ; 1 *Washburn on Real Prop.* 165.

The same principle applies to other estates for life. So far as relates to the commission of waste, the bill of complaint cannot be sustained.

3. The residue of the complaint relates to the claim for rent.  The bill contains no prayer for an account of the rent, nor for a decree for payment.  A reference to take an account of the rent due is now asked, under the general prayer for relief.  It may well be questioned whether a bill asking for an injunction to restrain waste, and also an account for rent due, would not be liable to objection on the ground of multifariousness.  The two grounds of suit are wholly distinct and unconnected, and each is sufficient as stated to sustain a bill.  *Bedsole* v. *Monroe*, 5 *Ired. Eq. R.* 313 ; *Story's Eq. Pl.*, § 271, *c.*

But regarding this objection as waived by the answer, and as not liable to prejudice the rights of any of the parties, still I think the complainants are not entitled to an account. The proper parties are not before the court.  The bill claims that the complainants are entitled to recover rent at the rate of $100 per annum.  The answer insists that the defendant, by virtue of an agreement made by the complainants, by and with the consent of all the parties interested, is liable, since the sale of a part of the land, to pay rent only at the rate of $80 per annum.  By the terms of the will, the tenant for life is to pay to the executors rent at the rate of $100, which is to be divided by the executors equally between the two sisters of the testator.  The *cestui que trusts* are not before the court.  They would not be bound by any decree that might be made in the case.  The defendant also claims, by his answer, an interest in the surplus of the proceeds of the sale of the land in the hands of the executor.  Whatever view may be taken of the claim of the complainants, the

parties interested in that fund are not made parties to the suit. As the case now stands upon the bill and answer, the necessary parties to the account are not before the court. I think, therefore, that the bill must be dismissed.

If the parties are desirous that the questions arising upon this part of the case should be settled, and an account taken under the direction of the court, the bill may be amended by consent, by adding the necessary parties within ten days and before signing the decree.