CHARLES A. RUSSELL, Administrator, *vs.* MERCHANTS' BANK OF LAKE CITY and others.

October 29, 1891.

Tenants in Common—Working Clay-Beds and Making Brick on Premises—Injunction Refused to Grantee of one Cotenant.—An unauthorized removal of clay from the soil by a tenant in possession is ordinarily to be deemed waste, subject to be restrained by injunction. And so in special cases an injunction may issue to restrain like injuries in the nature of waste as between tenants in common. But where works for the manufacture of brick have already been constructed, and clay-beds opened and worked, upon the common property by the joint owners, *held* that, as between the subsequent grantee or mortgagee of an undivided share or interest in the land and cotenants in possession, it is not waste for the latter to continue the business in the customary way, so as to entitle such grantee or mortgagee to an injunction restraining such use of the premises, and suspending the business.

Appeal by defendants Benjamin H. Billings and Willis G. Baker, impleaded with the above-named bank and a large number of other defendants, from an order of the district court for Hennepin county, *Pond,* J., presiding, granting an injunction in an action to foreclose the mortgage considered in the opinion.

*Stocker & Matchan,* for appellants.

*Gilfillan, Belden & Willard,* for respondent.

VANDERBURGH, J. Plaintiff holds a mortgage upon an undivided half of the land described in the complaint, executed by Willis Baker, August 15, 1884. The land referred to then contained large

deposits of clay, suitable for making brick, and the mortgagor and one Wright, who were rightfully in possession of the premises, were, in 1883, engaged in the manufacture of brick from the clay thereon, and so continued to do until long after the execution of the mortgage referred to. In the spring of 1884, and several months prior to the date of mortgage, they built and constructed buildings and erected machinery upon the premises, for the purpose of manufacturing brick thereon. Subsequently the defendants Willis G. Baker and Benjamin H. Billings entered into possession, and continued the manufacture of brick on the land, under a contract for the purchase thereof, and are still so engaged. It appears that the undivided half of the premises so mortgaged is insufficient security for the incumbrances thereon, and the removal of the clay deposits in question has impaired and is depreciating plaintiff's security, and that the mortgagor is insolvent. The value of the mortgaged premises, with the clay, is found to be $4,500, and $4,000 exclusive of it. Upon this state of facts the plaintiff applied to the court for, and the court ordered, an injunction to issue, pending the foreclosure proceedings, restraining the defendants Baker and Billings from digging or removing the clay in or upon the soil of the land in question, and particularly described in the complaint. It will be observed that the last-named defendants are the equitable owners of the undivided half of the premises not covered by the mortgage, as well as that portion mortgaged; and as such owners entitled to enjoy the possession of the whole, subject to the mortgage upon the undivided half referred to.

It may be conceded that the unauthorized digging of clay by a tenant is waste when there is nothing in the situation of the premises or other special circumstances to take the case out of the general rule. *Livingston* v. *Reynolds*, 2 Hill, 157. And so in special cases an injunction will issue to restrain injuries to the freehold in the nature of waste between tenants in common. *Hawley* v. *Clowes*, 2 John. Ch. 122; *Coffin* v. *Loper*, 25 N. J. Eq. 443; *Atkinson* v. *Hewitt*, 51 Wis. 275, (8 N. W. Rep. 211.) But where works, of the character described, for carrying on the business of making brick, have been constructed and established, and the business lawfully undertaken by

the owners of the land, we are of the opinion that, as between the subsequent grantee of an undivided interest in the land and cotenants in possession, it is not waste for the latter to continue the business in the customary way, and that to so continue the manufacture is within the legitimate exercise of the enjoyment of their property by such cotenants. And such grantee would not, therefore, be entitled to an injunction against them, restraining such use of the premises and breaking up or suspending the business. *Neel* v. *Neel*, 19 Pa. St. 323; *McCord* v. *Oakland Mining Co.*, 64 Cal. 134, (27 Pac. Rep. 863.) But, if excluded from his share, he would undoubtedly be entitled to an accounting. *Kean* v. *Connelly*, 25 Minn. 222. A mortgagee of an undivided interest should not be held to occupy any better position than a tenant in common. He would not in such case be entitled to an injunction. The most he could claim would be, upon a proper showing, to have a receiver appointed, and an order for an accounting for the rent or use of the share mortgaged.

Order reversed.

NOTE. A motion for a reargument of this case was denied November 9, 1891.