No. 1,775.

## WALDORF v. THE ELKHART AND WESTERN RAILROAD COMPANY.

DAMAGES.—*Real Estate.*—*Interfering with Enjoyment of Possession.* —*Railroad.*—Where a person owning a certain tract of land, on which were machinery and sheds for manufacturing brick from clay, taken from said tract of land, sold the land to a railroad company, reserving the right to the possession of the entire tract of land for a period of one year, except a right of way sixty feet wide, the grantor is entitled to damages where the railroad company, shortly after the execution of the deed, entered the brickyard and constructed a track over the clay bed, making it impracticable to dig the clay and run the brickyard.

DEED.—*Intention of Parties.*—Reservations and exceptions in a deed are, as a general rule, construed against the grantor, yet where the intention of parties can be fairly ascertained from a deed, such intention will govern.

CONVEYANCE.—*What Precludes.*—A grant of property includes, as incident thereto, all that is necessary to its enjoyment.

REAL ESTATE.—*Right of Tenants to Work Open Mines, Clay Pits, etc.*—Tenants for life or years are entitled to work open mines, quarries, clay pits and gravel beds.

St. Joseph Circuit Court.

*A. L. Brick* and *A. Wilhelm*, for appellant.

*H. C. Dodge*, for appellee.

GAVIN, J.—Appellant owned a tract of eleven acres of land upon the south part of which was located a brick yard.    Upon this there were machinery and sheds worth about $800, intended and adapted for carrying on the business of brickmaking, also a clay bed, already opened, from which clay had been recently taken and brick manufactured.    The brick yard, including the clay bed, was adapted for that purpose, and the land was unfit for any other use.

Waldorf *v.* The Elkhart and Western Railroad Company.

In the spring of 1893, the appellee desiring to construct its railroad over said land bought it and received a deed containing (after correction of mistakes) the following clauses:

"Said grantor reserves the right to possession of the entire tract of land above described for a period of one year from the date hereof, except a right of way of sixty-six feet wide across the first above described tract of land. Also the right of possession for a period of two years from date hereof to all that portion laying south of said right of way, unless said party shall desire all or any portion thereof except that portion occupied by said brickyard, for railroad purposes.

"The grantee hereby agrees to put in all necessary crossings for the use of the grantor during his occupancy of said premises.

"Grantee reserves the right to enter any portion of said premises at all times to make any needed repairs or to protect said property in any manner. Said grantor, during his *tenancy*, agrees to keep the same occupied and cared for the same as if he was the owner."

Shortly after the execution of this deed appellee entered the brickyard and constructed a track across the clay bed, making it impracticable to dig the clay and run the brick yard. For this invasion of his rights appellant sought damages.

There is some evidence given or offered to sustain the above facts upon which the claim of the appellant is based. The trial court seems to have disposed of the case upon the theory that under the provisions of the deed appellant had no right to dig up the clay for brick.

Counsel for appellee are of the opinion that the truth of this proposition is self-evident and needs no authority.

With this view we are unable to agree. It is true that, as a general rule, reservations and exceptions in a deed are to be construed against the grantor. *Nicholson* v. *Caress*, 45 Ind. 479; *City of Ft. Wayne* v. *Lake Shore, etc., Ry. Co.*, 132 Ind. 558.

Yet it has been said that this "rule is one of *dernier resort*, applicable only where the language of the instrument will equally admit of either of two or more interpretations. In such a case that effect will be given which is most unfavorable to the grantor. *Adams* v. *Warner*, 23 Vt. 395;" *Falley* v. *Giles*, 29 Ind. 114.

Where the intention of the parties can be fairly ascertained from the instrument, such intention will govern. 5 Lawson Rights Rems., section 2293.

In *Allen* v. *Scott*, 21 Pick. 25, it is said: "When property is granted, all that is necessary to the enjoyment of the grant is impliedly granted as incident to the express grant; and the same rule of construction applies to an exception in a grant." The case is cited with apparent approval by Judge Hackney, in *Indianapolis, etc., R. W. Co.* v. *First Nat. Bank*, 134 Ind. 127.

It is settled law that tenants for life or years are entitled to work mines, quarries, clay pits, or gravel beds, which had been opened and used before the time of the commencement of the particular estate. *Ex'rs of Reed* v. *Reed*, 16 N. J. Eq. 248; *Findlay* v. *Smith*, 6 Munf. (Va.) 134; *Neel* v. *Neel*, 19 Pa. St. 323; *Lynn's Appeal*, 31 Pa. St. 44. 1 Woods Landl. & Ten., p. 138, section 53; 1 Wash. on Real Prop., pp. 111, 314; Coke Litt. 54b.

This rule is founded upon the principle that the holder is entitled to use and enjoy the land according to the previous and accustomed method. The opening of

new mines would be waste, but the working of the old ones is a simple continuation of the use of the land made by the owner.

In *Allen* v. *Scott, supra,* it was held that where a deed conveyed a tract of land and the buildings thereon, "except the brick factory," the reservation included the right to occupy the land on which it stood, and the water privileges necessary to the carrying on of the factory.

In *Russell* v. *Merchant's Bank, etc.,* 47 Minn. 286, it is decided that, where a brick factory had been erected upon lands owned by tenants in common and the business lawfully undertaken, the grantee of an owner of an undivided interest was not authorized to prevent its continuation by the co-tenant.

In this case it was clearly the intention of the parties as expressed in the deed that the grantor was to have not only the naked possession, but the use and enjoyment of the land, and that certainly included the right to use it for a brick yard and to dig the clay from the opened pit, these being essential to the use of that portion of the land for the only purpose for which it was fitted.

The appellant was entitled to have his evidence admitted in support of his theory. Whether all the evidence would then have sustained it would have been for the court to determine.

Counsel for appellee are in error in their statement that there is no map in the record. As the transcript comes to us it is attached to the evidence.

Judgment reversed with instructions to the trial court to sustain the motion for a new trial.

Filed September 19, 1895.