## HODGES v. TOWN OF BLUFF CITY, TENN.

Circuit Court of Appeals, Sixth Circuit.
May 10, 1929.

No. 5135.

J. P. Buchanan, of Marion, Va., for appellant.

W. D. Lyon, of Bluff City, Tenn., and Sam A. Susong, of Greeneville, Tenn. (Susong, Susong & Parvin, of Greeneville, Tenn., on the brief), for appellee.

Before MOORMAN, HICKENLOOPER, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. The plaintiff, claiming to be the sole owner of the water rights to a spring known as the Underwood spring, brought this suit to enjoin the town of Bluff City, Tenn., from taking water from the spring for municipal purposes. The court below expressed doubt as to plaintiff's title to the rights which she claimed, but passed the question and dismissed the bill, after hearing proofs, upon the ground that there was a failure to show such irreparable injury or damage as justified the granting of an injunction. We look, first, to the claim of ownership of the water rights.

On August 21, 1905, James S. Smith conveyed to W. E. Hodges, the plaintiff's grantor, all "the riparian rights in every way and water privileges in and to" the spring, with the right to "use and control the waters from the said spring forever in fee simple," with the reservation that the grantor and those who should thereafter occupy the house in which he lived should have the right to use the water for domestic purposes. Smith claimed under a deed from S. L. and Frances A. Jenkins of January 2, 1890, to a tract of 30 acres of land. The deed was introduced in evidence and shows that the conveyance was made to James S. Smith and his two sons, Robert Smith and Samuel Smith. The deed itself is a quitclaim deed, and the evidence shows that the grantors therein claimed under a patent issued by the state of Tennessee to Samuel Berry in 1836. The interest that they claimed in this grant consisted at one time of a tract of 500 acres. Half of that tract was conveyed to George W. Ross, the title to which is now claimed by his heirs, who also claim that the Underwood spring is within the boundary of their tract. [1, 2] Plats of the original grant to Berry and of the later conveyances under which the plaintiff claims are not filed. The evidence is not sufficient to permit it definitely to be determined whether there is a perfect chain of title connecting James S. Smith's record title, if valid, with this grant, or whether, if so, the spring was included within the earlier deed to Ross made in 1885. If we give plaintiff the benefit of the doubt as to these questions, still she acquired through Smith only a one-third interest in the spring. Robert and Samuel Smith never conveyed their interests to their father, and the defendant now holds title to those interests. Not only is the record title of Smith and his two sons not clear, but some question is raised as to the validity of their title by adverse possession at the time of the conveyances here in question. Their possession was under a quitclaim deed, and it is doubtful that that kind of deed is such color of title as will set the statute in motion as against an adverse claimant. See Brier Hill Collieries Co. v. Gernt, 131 Tenn. 542, 175 S. W. 560, and Lumber Co. v. Marbury, cited in Marbury v. May (6 C. C. A.) 9 F.(2d) 587. Smith's exclusive possession under the deed from Jenkins was not shown to have been adverse to his sons, the other grantees therein. They were tenants in common with him, and his possession was the possession of all, unless there was a plain demonstration that he had repudiated their rights. Drewery v. Nelms, 132 Tenn. 255, 177 S. W. 946. There is no evidence in this case of such repudiation.

It follows from what has been said that plaintiff can claim at most only a one-third interest in the spring, the remaining interest, two-thirds, being vested in defendant. She is asking, therefore, that her cotenant, the defendant, be enjoined from using the common property. Not having shown any waste or interference by defendant with her right to use it, it is clear that she is not entitled to the relief. Russell v. Merchants' Bank of Lake City, 47 Minn. 286, 50 N. W. 228, 28 Am. St. Rep. 368; Thompson v. Sanders, 113 Ga. 1024, 39 S. E. 419; Board of Education of Glynn County v. Day, 128 Ga. 156, 57 S. E. 359; Mott v. Underwood, 148 N. Y. 463, 42 N. E. 1048, 32 L. R. A. 270, 51 Am. St. Rep. 711.

Affirmed.