SPANGLER v CARLISLE

VENDOR AND PURCHASER—ESTATES—LAND CONTRACTS—OPEN MINES—
    EXISTING MINES—NEW MINES—WASTE.

   The common law permits tenants for life or years to work mines,
      quarries, clay pits, or gravel beds which have been opened and
      used before the commencement of their particular estates;
      however, removal of gravel by a land contract vendee who has
      agreed not to commit waste from two previously unmined areas
      on the land he is purchasing constitutes waste even where a
      previously exhausted gravel pit is already in existence else-
      where on the land.

Appeal from Grand Traverse, William R. Brown, J. Submitted June 3, 1976, at Grand Rapids. (Docket No. 25760.) Decided July 21, 1976.

Complaint by Calvin Spangler and Willo Spangler against John H. Carlisle and Dorothy M. Carlisle seeking an order that the defendants transfer title to certain real property to plaintiffs. Counterclaim by defendants for an injunction to permanently bar plaintiffs from removing sand, dirt or gravel from the property. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Zerafa, Zerafa & Christian, P. C.,* for plaintiffs.

*Running, Wise & Wilson,* for defendants.

Before: DANHOF, C. J., and D. E. HOLBROOK and D. L. MUNRO,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
77 Am Jur 2d, Vendor and Purchaser §§ 357–359.
* Circuit judge, sitting on the Court of Appeals by assignment.

DANHOF, C. J. On December 5, 1974, the plaintiffs brought the present action seeking to invoke the equitable jurisdiction of the trial court to order the defendants to transfer property to the plaintiffs. In their answer, the defendants denied that the plaintiffs were entitled to the relief prayed for under the contract of sale. On December 30, 1974, the defendants filed a counterclaim seeking to permanently enjoin the plaintiffs or third parties from removing sand, dirt or gravel from the premises herein. On August 5, 1975, the trial court denied the plaintiffs the relief prayed for and granted the defendants an injunction. From this decision, the plaintiffs appeal.

On February 20, 1967, the parties entered into a contract for the sale of certain property owned by the defendants. The contract provides that the plaintiffs as purchasers may make certain specified payments annually, "but the purchasers shall in no year hereafter pay more than $3,000.00 on the principal, and interest". The contract also contains the following provision:

"Purchaser shall not commit, or suffer any other person to commit, any waste or damage to said premises or the appurtenances and shall keep the said premises and all improvements in as good condition as they are now."

Testimony was heard by the trial court at proceedings held before it on April 4 and August 5, 1975. The testimony revealed the following facts. The defendants had owned the subject property 30 or 40 years prior to its sale to the plaintiffs. They had sold gravel taken from the property to the county in 1934 or 1935 and again in 1959. The gravel had been taken from one pit that covered approximately one-half acre. The county had

ceased taking gravel from that pit because the gravel had run out. The plaintiffs had allowed gravel to be removed from the property by a third party in 1973, 1974, and 1975. This gravel had been taken from two areas "off to one side" of the old pit. These areas cover almost twice the area of the old pit. Further, in order to reach the gravel deposits, it had been necessary to remove approximately ten feet of top soil. The gravel removed in 1975 was in violation of an injunctive order issued by the trial court on January 14, 1975.

The testimony was conflicting as to whether the plaintiffs had subsequently received verbal permission from the defendants to remove gravel from the property.

It also appears that as of the hearing of August 5, 1975, the plaintiffs had made payments to the defendants totaling almost one-half the purchase price of the property.

At the conclusion of the testimony, the trial court rendered its decision. The court found that the facts of the present case did not fall within the "open mine" rule and that the restraining order previously issued by the court should continue as a permanent injunction. The court also found that under the contract the purchaser does not have the right to make final payment or, conversely, the vendors need not accept full payment. Finally, the trial court found the plaintiff husband and the third party in contempt of the previous injunctive order of the court without exacting a penalty therefor.

The issue on appeal is whether under the facts of this case the removal of gravel by the plaintiffs should have been allowed under the "open mine" rule.

The leading and possibly the only precedent on

the so-called "open mine" rule in Michigan is the case of *Poole v Union Trust Co,* 191 Mich 162; 157 NW 430 (1916). The *Poole* court discussed the rule as follows:

"By the later common law, life estates, whether conventional or arising by operation of law, were impeachable for waste, unless the instrument creating a conventional life estate expressed a contrary intention. Under this rule, a life tenant was not permitted to open new mines. *Plymouth v Archer,* 1 Bro. Ch. Rep. 159; *Viner v Vaughan,* 2 Beav. 466; *University v Tucker,* 31 W.Va. 621 (8 S.E. 410); *Marshall v Mellon,* 179 Pa. 371 (36 Atl. 201, 35 L.R.A. 816, 57 Am. St. Rep. 601); *Ohio Oil Co. v. Daughetee,* 240 Ill. 361 (88 N.E. 818, 36 L.R.A. [N.S.] 1108, and note); also note in 36 L.R.A. (N.S.) 1099.

\* \* \*

"It has, however, long been the law that where mines were opened or the leases executed before the life estate commenced, the owner of the life estate might, in the absence of restraining words, work the mines, even to the point of exhaustion, and take the profits. *Campbell v Wardlaw,* L.R. 8 App. Cas. 641; *Reed v. Reed,* 16 N.J. Eq. 248; *Waldorf v. Railroad Co.,* 13 Ind. App. 134 (41 N.E. 396); *McFadden's Estate,* 224 Pa. 443 (73 Atl. 927); *Williamson v. Jones,* 43 W.Va. 562 (27 S.E. 411, 38 L.R.A. 694, 64 Am.St.Rep. 891); *Boeing v. Owsley,* 122 Minn. 190 (142 N.W. 129), and notes in 36 L.R.A. (N.S.) 1099, 1108." 191 Mich 162, 167–168.

In *Waldorf v Railroad Co,* 13 Ind App 134; 41 NE 396 (1895), cited above, the court discussed the rule in relevant part as follows:

" 'When property is granted, all that is necessary to the enjoyment of the grant is impliedly granted as incident to the express grant, and the same rule of construction applies to an exception in a grant.' \* \* \* It is settled law that tenants for life or years are entitled to work mines, quarries, clay pits, or gravel beds which had been opened and used before the time of the

commencement of the particular estate. * * * This rule is founded upon the principle that the holder is entitled to use and enjoy the land according to the previous and accustomed method. The opening of new mines would be waste, but the working of the old ones is a simple continuation of the use of the land made by the owner." (Citations omitted.)

Similarly, the court in *Williamson v Jones,* 43 W Va 562, 565; 27 SE 411, 413 (1897), cited above stated:

"We held that a mine bored in the period of the life estate, under prior authority, was to be deemed as if an open mine at the commencement of the life estate. It is established that an open mine may be worked to even exhaustion by the life tenant. * * * The offense of waste consists in the first penetration and opening of the soil, and it is not waste to dig in mines or pits already open, which have become part of the annual profit of the land." [Citations omitted.]

In the present case, the plaintiffs or third parties acting under the plaintiffs were specifically prohibited by the contract of sale from committing any waste upon the subject property. The testimony indicates that the plaintiffs have allowed a third party to remove gravel from the property since 1973. The gravel was not taken from the existing pit, but it was taken from two other areas where it was necessary to remove approximately ten feet of top soil. Under the authorities cited above, the removal of gravel by the plaintiffs must be deemed waste in violation of the terms of the contract. The trial court correctly concluded that the "open mine" rule does not apply to the facts of this case. Therefore, the injunction was properly granted to enforce the terms of the contract and protect the defendants' interests.

It also appears that the trial court correctly denied the plaintiffs' prayer for relief. Under the terms of the contract, the defendants need not accept an accelerated full payment of the purchase price. Further, we agree with the trial court's admonishment of the plaintiffs for trying to invoke the aid of equity after knowingly and intentionally violating the injunctive order of the court.

Affirmed. Costs to the defendants.